CARL GUTERMAN, AN INFANT BY HIS GUARDIAN AD LITEM, ISAAC GUTERMAN, PLAINTIFF, AND ISAAC GUTERMAN, INDIVIDUALLY, PLAINTIFF-RESPONDENT, v. STUART GUTERMAN, DEFENDANT-APPELLANT, AND EVA GUTERMAN, DEFENDANT.

EVA GUTERMAN, PLAINTIFF-RESPONDENT, v. STUART GUTERMAN, DEFENDANT-APPELLANT.

Argued November 6, 1974—Decided November 20, 1974.

*Mr. Henry J. Catennacci* argued the cause for the defendant-appellant, Stuart Guterman (*Messrs. Podvey and Sachs,* attorneys).

*Mr. Richard D. McLaughlin* argued the cause for the plaintiff-respondent Eva Guterman (*Messrs. Goodman, Stoldt & Breslin,* attorneys) and for the plaintiff-respondent Isaac Guterman (*Messrs. Breslin and Breslin,* attorneys).

PER CURIAM. On July 15, 1970 plaintiffs Isaac and Eva Guterman were passengers in an automobile operated by their unemancipated minor son, defendant-appellant, Stuart Guterman. Allegedly because of Stuart's negligence the vehicle left the road. In his parents' consolidated actions for personal injuries and related damages resulting from that accident, Stuart's motion for summary judgment, apparently on the pleadings, was denied on the basis of this Court's opininion in *France v. A.P.A. Transport Corp.,* 56 *N. J.* 500 (1970). The Appellate Division granted leave to appeal. We granted defendant's motion for certification of the appeal pending unheard in the Appellate Division, *R.* 2:12-2.

The sole question raised is whether, in suits for personal injuries based on negligent vehicular operation, *France v. A.P.A. Transport Corp., supra,* allows only actions by an unemancipated child against his parent, or whether that decision was intended to and by its own terms did include actions brought by a parent against his unemancipated child.

Clearly it is the latter, as the trial judge here held. Justice Proctor said in *France*:

> Our decision today goes no further than allowing suits *between* unemancipated children and their parents for injuries suffered as a result of the negligent operation of a motor vehicle. [*Id.* at 507 (emphasis added)].

While in that landmark case the liability sought to be established was that of a parent to his unemancipated minor child, nothing in the opinion suggests that its principle was not intended to embrace actions by the parent against the child. To the extent that *Di Martino v. Ventrella,* 123 *N. J. Super.* 128 (Law Div. 1973) stands as authority to the contrary, it is in error and is expressly overruled.

Affirmed.

CLIFFORD, J., concurring in result.

*For affirmance*—Chief Justice HUGHES, Justices JACOBS, MOUNTAIN, SULLIVAN, CLIFFORD and PASHMAN, and Judge CONFORD—6.

*For reversal*—None.

CLIFFORD, J. (concurring). My vote to affirm signifies no more than my agreement with the Court's interpretation of *France v. A.P.A. Transport Corp.,* 56 *N. J.* 500 (1970), as including the allowance of suits by a parent against an unemancipated minor child for the cause of action referred to in that opinion. I do not, at this point in this interlocutory proceeding, intimate any view on the underlying policy

considerations affecting the doctrine of intra-family immunity as expressed in *Koplik v. C. P. Trucking Corp.,* 27 *N. J.* 1 (1958); *Hastings v. Hastings,* 33 *N. J.* 247 (1960); *Heyman v. Gordon,* 40 *N. J.* 52 (1963); *Franco v. Davis,* 51 *N. J.* 237 (1968) and *Immer v. Risko,* 56 *N. J.* 482 (1970).