140 N.J. Super. 212 (1976)
356 A.2d 15
GLENN LINN, AN INFANT BY HIS GUARDIAN AD LITEM, CHARLES LINN, AND CHARLES LINN INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
LUCY E. RAND, DEFENDANT-APPELLANT, AND THOMAS NACNODOVITZ AND WAYNE J. PATENAUDE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 16, 1976.
Decided March 29, 1976.
*213 Before Judges HALPERN, CRANE and MICHELS.
Mr. Robert L. Garrenger, Jr., argued the cause for plaintiffs-appellants (Messrs. Garrenger & Rosta, attorneys).
*214 Mr. Bernard F. Boglioli argued the cause for respondent Thomas Nacnodovitz.
Mr. Harry V. Osborne II argued the cause for defendant-appellant Lucy E. Rand (Messrs. Evans, Koelzer, Marriott & Osborne, attorneys).
The opinion of the court was delivered by HALPERN, P.J.A.D.
Plaintiffs Glenn Linn, an infant by his guardian ad litem, Charles Linn and Charles Linn individually (hereinafter referred to as plaintiff), with leave granted, appeal from a summary judgment in favor of Thomas Nacnodovitz dismissing their amended complaint for personal injuries sustained by Glenn Linn, a pedestrian, when hit by a car driven by Lucy E. Rand.
Plaintiff charged Nacnodovitz with negligence in serving an excessive amount of alcoholic beverages to defendant Rand, a minor, while she was a guest at his home. Plaintiff further charged Nacnodovitz with negligently permitting Rand to drive her car from his home just prior to Rand's running down and seriously injuring plaintiff.
Nacnodovitz's answer denied negligence and, among other separate defenses, alleged that the "defendant was under no duty to the plaintiffs herein" and reserved the right to strike the amended complaint on the ground that it failed to set forth a cause of action against him. Nacnodovitz then moved for summary judgment supported solely by the affidavit of his attorney which merely recited some of the allegations in the amended complaint and referred to an answer by plaintiff of an interrogatory requiring him to set forth the basis of his claim. The answer given was "The defendant, Thomas Nacnodovitz, negligently allowed the defendant, Lucy Rand to consume quanities [sic] of alcohol at his residence and further allowed her to drive on the highway of the State of New Jersey in an unsober condition."
*215 We pause to point out that there was nothing before the trial judge on the summary judgment motion, or in the record before us, to indicate the exact age of Rand,[1] whether she was licensed to drive a car, the amount of alcohol furnished by Nacnodovitz to Rand or his knowledge of her physical condition when she left his home. In short, we are merely indicating the sparse factual record on which summary judgment was granted.
It is obvious the trial judge was not too concerned about the facts because he considered the issue before him as one of law only. In granting the motion he relied principally upon Rappaport v. Nichols, 31 N.J. 188 (1959), and Anslinger v. Martinsville Inn, Inc., 121 N.J. Super. 525 (App. Div. 1972), certif. den. 62 N.J. 334 (1973). Among other things, the trial judge in his oral opinion held:
In Anslinger the Appellate Division held that liability in negligence for the sale or serving of alcoholic beverages to intoxicated persons or minors is specifically limited to tavern keepers or to those in a strictly business setting. The Appellate Division refused to hold quasi-business organizations liable for the actions of drunken guests at their social affairs.

* * * * * * * *
Having considered the arguments of counsel, it is this court's opinion that the rule of Rappaport must be followed without the expansion urged by plaintiff's counsel. To do otherwise could create limitless implications as to the liability of anyone who gives liquor to another solely as a gesture of friendship or good fellowship. This court is unwilling to give its stamp of approval to such an expanded concept of liability.
This leaves for determination the narrow legal issue of whether Nacnodovitz owed a legal duty of exercising reasonable care to protect third parties from the negligent acts of Rand. Stating the problem another way, in general terms, *216 the issue is whether a person (not the holder of a liquor license), who furnishes excessive amounts of intoxicating liquors to a minor on a social occasion, may be held liable for the intoxicated minor's negligent acts which cause injury to an innocent third party. We have concluded that such a person, where the facts presented warrant it, may be held responsible by a jury, and therefore reverse the granting of summary judgment.
It is fundamental that a motion for summary judgment should be granted only if the pleadings, depositions and admissions on file show palpably that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. R. 4:46-2; Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 73-75 (1954). Such motions are granted only with much caution, Devlin v. Surgent, 18 N.J. 148, 154 (1955), and where there are genuine disputed issues of fact, they must be resolved at a plenary hearing. Wilson v. Miller, 25 N.J. Super. 280, 289 (App. Div. 1953). In deciding whether a genuine issue as to any material fact exists, the moving papers and pleadings are considered most favorably for the party opposing the motion and all doubts are resolved against the movant. If there is the slightest doubt as to the facts, the motion should be denied. Ruvolo v. American Cas. Co., 39 N.J. 490, 499 (1963); United Advertising Corp. v. Metuchen, 35 N.J. 193, 195-196 (1961).
There is nothing in Rappaport v. Nichols, supra, and its progeny, which specifically bars the suit here involved as a matter of law. The forward-looking and far-reaching philosophy expressed in Rappaport should also be applicable to negligent social hosts and should not be limited to holders of liquor licenses and their employees. A few quotations from Rappaport, as they relate to the definition of actionable negligence, bring this view into sharp focus:
Negligence is tested by whether the reasonably prudent person at the time and place should recognize and foresee an unreasonable *217 risk or likelihood of harm or danger to others [Citations omitted]. And, correspondingly, the standard of care is the conduct of the reasonable person of ordinary prudence under the circumstances.
* * * The negligence may consist in the creation of a situation which involves unreasonable risk because of the expectable action of another. [31 N.J. at 201]
On the issue of proximate cause and foreseeability of harm to others Rappaport held:
But a tortfeaser is generally held answerable for the injuries which result in the ordinary course of events from his negligence and it is generally sufficient if his negligent conduct was a substantial factor in bringing about the injuries. [Citations omitted]. The fact that there were also intervening causes which were foreseeable or were normal incidents of the risk created would not relieve the tortfeasor of liability. (citations omitted). Ordinarily these questions of proximate and intervening cause are left to the jury for its factual determination. [at 203]
The fact that a plaintiff may have a heavier burden of proof to carry when his suit is against a social host, does not warrant granting such host immunity from liability.
So here, plaintiff should be given his day in court to prove that (a) Rand was a minor, (b) Nacnodovitz knew she was a minor, knew she intended to drive her car, and nevertheless served her alcoholic beverages to the degree that she was unfit to drive, and (c) it was reasonably foreseeable that Rand might injure herself, or others, and that his negligence was a proximate cause of the accident and plaintiff's injuries. It makes little sense to say that the licensee in Rappaport is under a duty to exercise care, but give immunity to a social host who may be guilty of the same wrongful conduct merely because he is unlicensed.
Our courts have not hesitated to place responsibility for tortious acts upon the person committing the wrong, nor have they refrained from removing old common law doctrines which granted immunity to wrongdoers. Why should a social host be given the special privilege of immunity from liability if he acts negligently with resulting harm to *218 others? As indicated in the dissent filed in Manning v. Andy, 310 A.2d 75 (Pa. Sup. Ct. 1973):
We do not give such immunity to automobile drivers. We do not give such immunity to drug dispensers. We do not give such immunity to homeowners. Once there was a special immunity for charities  but no longer. Once there was a special immunity for municipalities  but no longer. Once there was a special immunity for parents  but no longer. The creation of a new class and the establishment of a new immunity makes history  bad history. [at 77]
We need not look to other jurisdictions where a sharp conflict exists on the issue here involved. Our polestar, when confronted with common law doctrines, was clearly set forth by Chief Justice Vanderbilt in State v. Culver, 23 N.J. 495, 501 (1957), cert. den. 354 U.S. 925, 77 S.Ct. 1387, 1 L.Ed.2d 1441 (1957), cert. den. 359 U.S. 975, 79 S.Ct. 884, 3 L.Ed.2d 842 (1959), when he said, "The days when substantial justice must be sacrificed for the sake of blind adherence to strict technicalities long since outmoded have passed in this State and are, we hope, beyond recall." Thus, our goal is to do substantial justice in light of the mores and needs of our modern day life. As was said by the late Justice Frankfurter, dissenting in Henslee v. Union Planters Nat. Bank & T. Co., 335 U.S. 595, 600, 69 S.Ct. 290, 93 L.Ed. 259 (1949), reh. den. 336 U.S. 915, 69 S.Ct. 601, 93 L.Ed. 1078 (1949), "Wisdom too often never comes, and so one ought not to reject it merely because it comes late."
A few examples will show how we have pursued this principle. We eliminated common law immunity for torts in the following cases: Willis v. Dept. of Cons. & Econ. Dev., 55 N.J. 534 (1970) (State's immunity in tort); Collopy v. Newark Eye and Ear Infirmary, 27 N.J. 29 (1958) (charitable hospital); Guterman v. Guterman, 66 N.J. 69 (1974) (parents and children in auto negligence cases); Immer v. Risko, 56 N.J. 482 (1970) (interspousal suits in auto *219 negligence cases); Falzone v. Busch, 45 N.J. 559 (1965) (recovery for fright without physical contact).
In the same vein, we have not hesitated to impose a legal duty of exercising reasonable care upon persons who loan their cars to others when they have actual or constructive knowledge of their incapacity to drive, Mead v. Wiley Methodist Episcopal Church, 4 N.J. 200 (1950); upon parents who permitted their 15 1/2 year old minor child to play with a loaded revolver, Stoelting v. Hauck, 56 N.J. Super. 386 (App. Div. 1959), rev'd on other grounds 32 N.J. 87 (1960); upon manufacturers and distributors of products mass-produced for public use, Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358 (1960); upon drug manufacturers and distributors, Martin v. Bengue, Inc., 25 N.J. 359 (1957).
Applying the philosophy expressed above to the facts in this case, a jury might well determine that a social host who serves excessive amounts of alcoholic beverages to a visibly intoxicated minor, knowing the minor was about to drive a car on the public highways, could reasonably foresee or anticipate an accident or injury as a reasonably foreseeable consequence of his negligence in serving the minor. This becomes devastatingly apparent in view of the ever-increasing incidence of serious automobile accidents resulting from drunken driving.
We do not believe that Anslinger, supra, relied upon by the trial judge, should be construed to give Nacnodovitz immunity. It seems clear in Anslinger that the court primarily based its decision on the proofs submitted that decedent was guilty of contributory negligence as a matter of law. See Anslinger, 121 N.J. Super. at 534. So too, in Anslinger the court was dealing with the claim of an adult against a corporate entity which had made available alcoholic beverages to the claimant at a company party, and it did not squarely face the issue which now confronts us. For the Anslinger court to have said, "We are not persuaded *220 that present social-economic conditions warrant this expanded concept of liability," begs the question.
Accordingly, we hold that the issues here involved must be decided on a case by case basis, and we reject the view adopted below that the furnishing of alcoholic beverages to a minor, in a social setting, gives immunity to the host for the negligence of his guests which is a proximate cause of injury to an innocent third party. See Wiener v. Gamma Phi Chapter of Alpha Tau Omega Fraternity, 258 Or. 632, 485 P.2d 18 (Sup. Ct. 1971); Annotation, "Liability Of Person Furnishing, On Social Occasion, Intoxicating Liquor, For Negligent Acts of Intoxicated Minor Causing Injury To Plaintiff," 53 A.L.R.3d 1285 (1973).
Finally, our review of this meager record convinces us that, in view of the important and novel issues outlined herein, the record was wholly inadequate for a decision on the merits by the summary judgment route. Anderson v. Sills, 56 N.J. 210, 215 (1970); Jackson v. Muhlenberg Hospital, 53 N.J. 138, 142 (1969).
Reversed and remanded for a plenary trial.
NOTES
[1] When this accident occurred on October 13, 1972, persons under 21 years of age were considered minors to whom alcoholic beverages could not be served. N.J.S.A. 33:1-77. The classification of persons 18 years of age, or over, as adults became effective on January 1, 1973. N.J.S.A. 9:17B-1.