575 P.2d 1261

**Roy PROFITT, an unmarried man, Appellant,**

v.

**Anthony CANEZ and Maria Canez, his wife, dba Las Brazas Restaurant, Appellees.**

**No. 2 CA–CIV 2518.**

Court of Appeals of Arizona, Division 2.

Dec. 16, 1977.

Rehearing Denied Jan. 23, 1978.

Review Denied Feb. 22, 1978.

Miller, Pitt & Feldman, P. C. by Stanley G. Feldman and Nanette M. Warner, Tucson, for appellant.[1]

Everett, Bury & Moeller, P. C. by David C. Bury and Marshall Humphrey III, Tucson, for appellees.

### OPINION

STEVENS, Judge, Retired:

This case was decided in the Superior Court by a judgment which granted the defendants' motion for judgment on the pleadings. The motion urged that the

---

1. The attorneys for the appellant were substituted as counsel after the entry of the Superior Court judgment.

plaintiff's complaint did not state a claim for relief. In our review on this appeal, we must view the complaint filed in the Superior Court in the light most favorable to stating a claim for relief. The appellant was the Superior Court plaintiff and the appellees were the Superior Court defendants. They will be referred to herein as they appeared in the Superior Court. The facts stated herein are the facts stated in the complaint.

 The plaintiff's daughter received injuries in a two-car accident, which injuries caused her death. The suit was for damages by reason of her death. The driver of the other car was not joined as a party defendant. The defendants owned and operated an establishment selling alcoholic beverages. On the day of the two-car collision and shortly before the collision, the defendants furnished and sold alcoholic beverages to the driver, who was already in an intoxicated condition. He left the defendants' place of business in an intoxicated condition and was intoxicated at the time of the collision. The intoxication was a condition which was a contributing factor in the cause of the collision and resulting death.

The minute entry ruling granting the motion for judgment on the pleadings succinctly states the basis of the ruling as follows:

> "The Court Finds that the State of Arizona has no 'dramshop' statutes or similar statutes under which to hold the Defendants liable under the circumstances."

We agree with the trial court's holding and affirm.

Whether Arizona needs a dramshop law is a matter for the legislature to decide. At least, since *Pratt v. Daly*, 55 Ariz. 535, 104 P.2d 147 (1940), and *Collier v. Stamatis*, 63 Ariz. 285, 162 P.2d 125 (1945), there has been an awareness of the absence of such a law. Both divisions of this Court have held that Arizona does not have a

dramshop law. *See Pierce v. Lopez*, 16 Ariz.App. 54, 490 P.2d 1182 (1971), and *Thompson v. Bryson*, 19 Ariz.App. 134, 505 P.2d 572 (1973).[2]

The judgment of dismissal is affirmed.

NELSON, P. J., Department A, and HAIRE, J., concur.

NOTE: This cause was decided by the Judges of Division One as authorized by A.R.S. § 12–120 subsection (E).

---

2. Many matters are urged by the appellant which do not appear to have been presented to the trial court. This material might be persuasive to a legislative body.