185 N.J. Super. 477 (1982)
449 A.2d 564
SUSAN C. FIGULY AND HOLLY FEINSON, PLAINTIFFS,
v.
JOHN M. KNOLL AND CHARLES R. KNOLL AND GLEN LONGFIELD, DEFENDANTS.
Superior Court of New Jersey, Law Division Monmouth County.
Decided July 8, 1982.
*478 Thomas J. DiChiara for plaintiffs (Drazin & Warshaw, attorneys).
Dennis J. Melofchik for defendant Glen Longfield (Campbell, Foley, Lee, Murphy & Cernigliaro, attorneys).
No one appeared on behalf of defendants John M. Knoll and Charles R. Knoll.
SHEBELL, A.J.S.C.
Defendant Longfield moves for summary judgment asserting that no cause of action may be maintained in New Jersey as a matter of law against a noncommercial resident who conducts a social affair and negligently allows a social guest to become intoxicated, thereby causing injury to another while operating a motor vehicle.
*479 Defendant Longfield conducted a party upon rented premises where he resided. Codefendant Knoll was an invited guest in attendance for over five hours. Plaintiff alleges that defendant Knoll was served alcoholic beverages during that time and that he became obviously drunk after consuming approximately one dozen drinks of vodka and tonic. Defendant Longfield had previously worked as a commercial bartender and knew defendant Knoll from that work. Longfield classified Knoll as an alcoholic or close to it and acknowledged his ability to recognize various stages of intoxication when they were present in Knoll.
Summary judgment may be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law; all doubts must be resolved against the moving party. R. 4:46-2; United Advertising Corp. v. Metuchen, 35 N.J. 193 (1961).
This court does not find that plaintiff's suit is barred as a matter of law. In 1959 the New Jersey Supreme Court in Rappaport v. Nichols, 31 N.J. 188 (1959), recognized a cause of action where a tavern keeper unlawfully and negligently sold alcoholic beverages to a minor causing intoxication which in turn contributed to his negligent operation of a motor vehicle at the time of an accident which caused the death of a third party. The Rappaport doctrine was further applied by the Supreme Court in Soronen v. Olde Milford Inn, Inc., 46 N.J. 582 (1966), so as to extend the doctrine to intoxicated adults as well as minors where the tavern keeper knew or should have known that the patron was intoxicated when the service occurred.
The Appellate Division in Linn v. Rand, 140 N.J. Super. 212 (1976), stated:
The forward-looking and far-reaching philosophy expressed in Rappaport should also be applicable to negligent social hosts and should not be limited to holders of liquor licenses and their employees. [At 216]
While Linn dealt with the serving of alcohol to a minor while a social guest at defendant's home and imposed liability, there is nothing in the reasoning thereof which would limit the application of the doctrine set forth therein to minors any more than it *480 could be argued that the Rappaport doctrine should have been so limited. The court in Linn distinguished [at 219] the case of Anslinger v. Martinsville Inn, Inc., 121 N.J. Super. 525 (App.Div. 1972), certif. den. 62 N.J. 334 (1973), so as to render it inapplicable to the case at bar.
The court in Linn pointed out that
It makes little sense to say that the licensee in Rappaport is under a duty to exercise care, but give immunity to a social host who may be guilty of the same wrongful conduct merely because he is unlicensed. [140 N.J. Super. at 217]
The court further asked:
Why should a social host be given the special privilege of immunity from liability if he acts negligently with resulting harm to others? [140 N.J. Super. at 217-218]
There is no reasonable basis for limiting the holding of Linn to minors, and this court finds it to be the law of this State that a social host who furnishes alcoholic beverages to any obviously intoxicated person under circumstances which create a reasonably foreseeable risk of harm to others may be held legally responsible to those third persons who are injured when that harm occurs. See Coulter v. Superior Court of San Mateo Cty., 21 Cal.3d 144, 145 Cal. Rptr. 534, 577 P.2d 669 (Cal. 1978).
Summary judgment is denied.