190 N.J. Super. 320 (1983)
463 A.2d 387
MARIE E. KELLY, PLAINTIFF-APPELLANT,
v.
DONALD C. GWINNELL AND PARAGON CORP., DEFENDANTS-APPELLANTS, AND JOSEPH J. ZAK AND CATHERINE ZAK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 22, 1983.
Decided June 29, 1983.
Before Judges ARD, KING and McELROY.
Michael D. Schottland argued the cause for appellant Kelly (Chamlin, Schottland, Rosen, Cavanagh & Uliano, attorneys; Michael D. Schottland and Dorothy L. Argyros, on the brief).
*321 John P. Duggan argued the cause for appellants Donald C. Gwinnell and Paragon Corp. (Wolff, Helies & Duggan, attorneys; Francis H. Wolff, on the brief).
George N. Arvanitis argued the cause for respondents Zaks (Carton, Nary, Witt & Arvanitis, attorneys; George N. Arvanitis, of counsel, and Jamie S. Perri, on the brief).
PER CURIAM.
This is a joint appeal which arose from the grant of summary judgment in favor of Joseph and Catherine Zak. Appellants seek reversal of the trial judge's determination that the Zaks, as social hosts, owed no duty to appellants.
Defendant Donald Gwinnell, a painting contractor, left his home at approximately 5:15 p.m. to assist Joseph Zak, a subcontractor, whose truck was mired in mud. Their efforts were unsuccessful so Gwinnell drove Zak home. Zak invited Gwinnell into the house and offered him a drink. Gwinnell had not eaten since lunchtime. Zak stated that Gwinnell had two drinks, each of which contained a shot of liquor. He did not perceive Gwinnell to be drunk. Gwinnell left Zak's house at approximately 8:45 p.m. On his way home, Gwinnell was involved in a head-on collision with plaintiff Marie E. Kelly.
Kelly secured the services of a chemist who certified that based on the ethyl alcohol reading of .286% Gwinnell may have had up to 13 drinks, and that by 8:30 p.m. there would have been unmistakable symptoms of drunkenness.
Kelly filed a complaint against the driver Gwinnell and against owner Paragon Corporation, who in turn filed a third-party complaint against the Zaks. Thereafter, plaintiff filed an amended complaint adding the Zaks as direct defendants. The Zaks moved for summary judgment, which was granted; this appeal followed.
The issue is whether a cause of action exists against social hosts for the subsequent negligent acts of adults who consume liquor on the social host's premises.
*322 Presently in New Jersey we have two situations in which the supplier of intoxicating liquor may be liable to a third person negligently injured by an intoxicated person: the tavern owner and the social host of a minor.
The liability of the tavern owner and that of the social host of a minor have evolved logically.
... If the patron is a minor or is intoxicated when served, the tavern keeper's sale to him is unlawful; and if the circumstances are such that the tavern keeper knows or should know that the patron is a minor or is intoxicated, his service to him may also constitute common law negligence. In view of the standard of conduct prescribed by the statute and the regulations, a tavern keeper's sale of alcoholic beverages when he knows or should know that the patron is a minor or intoxicated may readily be found by the jury to be imprudent conduct. [Rappaport v. Nichols, 31 N.J. 188, 202-203 (1959).]
Rappaport points out that this is consistent with state policy. Id. at 201-202. The sale and service of alcoholic beverages is heavily regulated by statute. N.J.S.A. 33:1-1 et seq. As indicated, the Division of Alcoholic Beverage Control, which was established under the above-cited act, prohibits the sale or service of alcohol by a licensed seller to a minor or to an intoxicated person. N.J.A.C. 13:2-23.1. Thus, a violation of this regulation may be evidence of negligence by a tavern owner. Ibid.
In pointing out the tavern keeper's liability to third parties for serving a minor, our Supreme Court recognized the particular vulnerability of a minor:
... The Legislature has in explicit terms prohibited sales to minors as a class because it recognizes their very special susceptibilities and the intensification of the otherwise inherent dangers when persons lacking in maturity and responsibility partake of alcoholic beverages.... [Rappaport, supra, 31 N.J. at 201.]
Policy considerations obviously weigh heavily in favor of imposing liability upon tavern owners who can discharge their civil responsibility by adhering to the regulations of the Division of Alcoholic Beverage Control. As our Supreme Court has stated:
... Liquor licensees, who operate their businesses by way of privilege rather than as of right, have long been under strict obligation not to serve minors and intoxicated persons and if, as is likely, the result we have reached in the conscientious exercise of our traditional judicial function substantially increases *323 their diligence in honoring that obligation then the public interest will indeed be very well served. [Rappaport, supra, 31 N.J. at 205-206.]
The Supreme Court's sensitivity in Rappaport to the inherent dangers of tavern keepers serving minors led us to a logical extension of tort liability in this area. In Linn v. Rand, 140 N.J. Super. 212 (App.Div. 1976), we held that a social host who serves excessive amounts of alcoholic beverages to an intoxicated minor, knowing the minor is about to drive a car on the public highways, may be liable for the intoxicated minor's negligent acts which cause injury to an innocent third party. In doing so we stated:
Accordingly, we hold that the issues here involved must be decided on a case by case basis, and we reject the view adopted below that the furnishing of alcoholic beverages to a minor, in a social setting, gives immunity to the host for the negligence of his guests which is a proximate cause of injury to an innocent third party. [Id. at 220.]
Appellants now seek to extend the negligence principles enunciated in Rappaport and Linn so as to establish a cause of action against a social host who serves alcohol to an intoxicated adult. The trial judge granted summary judgment in favor of respondents Zaks, distinguishing Linn because it involved an intoxicated minor. We agree with this distinction and affirm.
The basic thrust of appellants' argument is that insofar as no expressed immunity for the social host is present in the case law or statutes, a cause of action against such individuals implicitly exists. They point to recent legislative and social measures designed to deter the incidence of drunk driving. In furtherance of their argument they claim that neither the non-commercial status of the social host nor the precise age of the drinker should undermine societal interest in preventing this social harm.
Our research has failed to disclose any jurisdiction in the United States that allows the precise cause of action urged by appellant. The only cases which impose liability on private individuals involve the furnishing of alcohol to minors. See Annotation, "Damage from sale or gift of liquor or drug," 97 A.L.R.3d 528, 538 (1980). None of the cases permit recovery *324 against a private individual who served alcohol to an intoxicated adult.
Appellant's assertion that California is a forward-looking jurisdiction that imposes upon a social host a duty to refrain from serving alcohol to an intoxicated social guest who will be driving, Coulter v. Superior Court of San Mateo County, 21 Cal.3d 144, 145 Cal. Rptr. 534, 577 P.2d 669, 672 (1978), is misplaced. This expansion of tort liability was abrogated by the California legislature which conferred immunity upon the social host. The consumption of alcoholic beverages, rather than the service of them, was expressly deemed as the proximate cause of the resulting harm caused by the intoxicated person. Cal.Civil Code § 1714(b) and (c) (1973); Cory v. Shierloh, 29 Cal.3d 430, 174 Cal. Rptr. 500, 629 P.2d 8, 13 (1981). In Wiener v. Gamma Phi Chapter of Alpha Tau Omega Fraternity, 258 Or. 632, 485 P.2d 18 (1971), the Oregon court also attempted to create liability for the social host utilizing a common law theory of negligence only to have the legislature enact legislation to preclude such a result. Or. Rev. Stat. § 30.955 (1981).
In Miller v. Moran, 96 Ill. App.3d 596, 52 Ill.Dec. 183, 421 N.E.2d 1046 (App.Ct. 1981), plaintiff asserted the existence of a nationwide judicial trend toward the extension of liability to social hosts. The court took exception to this view:
... The plaintiff relies on a series of California Supreme Court cases, culminating with Coulter v. Superior Court of San Mateo County (1978), 21 Cal.3d 144, 577 P.2d 669, 145 Cal. Rptr. 534. In Coulter, the court clearly and unequivocally held that a civil common law cause of action existed against social hosts for furnishing intoxicating liquors to obviously intoxicated persons. Immediately after the Coulter decision was announced, the California legislature responded by amending two statutes to specifically abrogate the decision in Coulter in favor of the prior common law rule. Cal.Civil Code, sec. 1714 (1978); Cal.Bus. & Prof.Code, sec. 25602 (1978). [421 N.E.2d at 1048.]
The Illinois court in Miller, after fully analyzing all relevant considerations, concluded that any change in the law is best left to the judgment of the legislature. The court recognized the economic problems inherent in creating unlimited liability and refused to expose to liability persons who make no profit from *325 their service of alcohol. We are in accord with Miller. The ruling is consistent with the holdings in major jurisdictions, e.g., New York (Paul v. Hogan, 56 A.D.2d 723, 392 N.Y.S.2d 766, 768 (App.Div. 1977)), Pennsylvania (Klein v. Raysinger, 302 Pa.Super. 248, 448 A.2d 620, 622 (Super.Ct. 1982)), Washington, D.C. (Cartwright v. Hyatt Corp., 460 F. Supp. 80, 81 (D.D.C. 1978)).
There is no nationwide judicial trend holding social hosts liable under circumstances similar to those in this case. Attempts to judicially create a cause of action against the social host on the theory of common law negligence have been repudiated by legislative action. In Olsen v. Copeland, 90 Wis.2d 483, 492, 280 N.W.2d 178, 182 (1979), the Wisconsin Supreme Court, in response to plaintiff's assertion of the existence of a judicial trend toward recognition of common law causes of action in this area, stated:
Both the Iowa and Minnesota legislatures moved to nullify those courts' holdings that social hosts could also be held liable. Iowa Code, sec. 123.92 (1979); Minn.Stats., sec. 340.95 (1978). Eight courts have held that no common-law cause of action exists and that the formulation of a remedy belongs with the legislature. Profitt v. Canez, 118 Ariz. 235, 575 P.2d 1261 (1977); Carr v. Turner, 238 Ark. 889, 385 S.W.2d 656 (1965); Meade v. Freeman, 93 Idaho 389, 462 P.2d 54 (1969); State v. Hatfield, 197 Md. 249, 78 A.2d 754 (1951); Runge v. Watts [180 Mont. 91], 589 P.2d 145 (Mont. 1979); Holmes v. Circo, 196 Neb. 496, 244 N.W.2d 65 (1976); Hamm v. Carson City Nugget, Inc., 85 Nev. 99, 450 P.2d 358 (1969); Marchiondo v. Roper, 90 N.M. 367, 563 P.2d 1160 (1977). Six others have concluded that no common law cause of action exists apart from the provisions of their dram shop acts. Phillips v. Derrick, 36 Ala.App. 244, 54 So.2d 320 (1951); Nelson v. Steffens, 170 Conn. 356, 365 A.2d 1174 (1976); Keaton v. Kroger Co., 143 Ga. App. 23, 237 S.E.2d 443 (1977); Edgar v. Kajet, 84 Misc.2d 100, 375 N.Y.S.2d 548 (1975); Griffin v. Sebek, [90 S.D. 692], 245 N.W.2d 481 (S.D. 1976); Parsons v. Jow, 480 P.2d 396 (Wyo. 1971).
Our determination that a cause of action does not exist against a social host for serving intoxicating liquors to adults whose subsequent negligent acts injure innocent third parties is not based on the law of proximate cause. We deem the issues of proximate cause and foreseeability of harm to others to have been resolved by our Supreme Court in Rappaport v. Nichols, supra, 31 N.J. at 203-204. Our holding in this case does no more than refuse to expand the rulings of Rappaport and Linn v. *326 Rand, supra. We hold that a social host who furnishes alcoholic beverages to another person is not liable for damages resulting from the latter's intoxication.
Affirmed.