195 N.J. Super. 423 (1984)
480 A.2d 212
CHARLES DAVIS AND LOIS KUROWSKY, EXECUTORS OF THE ESTATE OF FRANK DAVIS, DECEASED, AND CHARLES DAVIS AND LOIS KUROWSKY, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
SAM GOODY, INC., A NEW YORK CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, DEFENDANT-RESPONDENT, AND ESTATE OF CHARLES C. HIERS, DEFENDANT. HELEN SANTORO, PLAINTIFF-APPELLANT,
v.
SAM GOODY, INC., A NEW YORK CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, DEFENDANT-RESPONDENT, AND ESTATE OF CHARLES C. HEIRS AND ESTATE OF FRANK DAVIS, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 16, 1984.
Decided August 6, 1984.
*424 Before Judges FRITZ, FURMAN and DEIGHAN.
James A. Shafranski argued the cause for appellants (Francis J. Lutz, attorney for Charles Davis and Lois Kurowsky, Executors of the Estate of Frank Davis, deceased, and Charles Davis and Lois Kurowsky, individually; and Weiner, Ostrager, Fieldman and Zucker, attorneys for Helen Santoro; George M. Kachmar, III, on the brief).
John Haschak, III argued the cause for respondent (W. Stephen Leary, attorney).
PER CURIAM.
This matter involves the liability of an alleged commercial host to third parties for damages suffered as the result of negligence on the part of an intoxicated guest. On the motion of defendant Sam Goody, Inc. for summary judgment, the trial judge, in an extensive written opinion, recognized the tavern keeper's liability as delineated in Rappaport v. Nichols, 31 N.J. 188 (1959) and the liability of a social host serving intoxicated minors as explicated in Linn v. Rand, 140 N.J. Super. 212 (App.Div. 1976). However, he felt himself bound by the holding of the Appellate Division in Kelly v. Gwinnell, 190 N.J. Super. 320 (App.Div. 1983) which excused a social host from liability for damages resulting from the intoxication of an adult guest. While the trial judge did not mention Figuly v. Knoll, 185 N.J. Super. 477 (Law Div. 1982), that was probably because of a conviction that the Appellate Division in Kelly had overruled the Law Division in Figuly. The trial judge did make reference *425 to Anslinger v. Martinsville Inn, Inc., 121 N.J. Super. 525 (App.Div. 1972), certif. den. 62 N.J. 334 (1973). He concluded:
Were this court authorized to reject New Jersey precedent and make policy it would find the legal relationship of Hiers [the tort-feasor] and Goody [the commercial host] sufficient at this posture of the case to defeat the motion. To do so, however, would be to fly in the face of the clear policy and direction of the Appellate Courts. The clear proposition of the statutory scheme and judicial language is that the extension of vicarious liability for alcohol consumption should not be usurped by the trial courts and, thus, liability in the instant case based upon alcohol consumption is not deemed by this court to be a cognizable cause of action. Thus, as to the issue of vicarious liability for alcohol consumption the motion is granted....
Unsatisfied, however, that fact questions remaining respecting agency between the commercial host and the tort-feasor permitted the grant of summary judgment, he denied the motion. We granted leave to appeal the Kelly issue. We now reverse and remand.
Since the argument of this appeal the Supreme Court has reversed the Appellate Division in Kelly. That opinion holds "that where a host provides liquor directly to a social guest and continues to do so even beyond the point at which the host knows the guest is intoxicated, and does this knowing that the guest will shortly thereafter be operating a motor vehicle, that host is liable for the foreseeable consequences to third parties that result from the guest's drunken driving." Kelly v. Gwinnell, 96 N.J. 538 at 559 (1984). It is abundantly clear to us that liability in this State depends not on the nature or character of the supplier of the alcoholic beverage nor on whether the tort-feasor is a minor or an adult. Rather, liability depends upon the "conventional negligence analysis" (id., at 543) respecting foreseeability. That is a fact question at least in the circumstances of this case.
We reverse the determination of the trial judge denying, as a matter of law, vicarious liability for alcohol consumption and remand the matter for further proceedings consistent with Kelly v. Gwinnell, supra. We do not retain jurisdiction. No costs to any party.