778 F.2d 149
 Debra PIERZGA, Appellant,
v.
FORD MOTOR COMPANY, INC., Ford Motors Lincoln Mercury
Division, Borough of Washington, Dale Bulmer, Timothy
Minchin, Mr. and Mrs. Richard Gerstenberg, Sr., Mr. and Mrs.
Roger J. Collins, Cindy Gerstenberg, formerly Cindy Collins,
Richard P. Gerstenberg, Jr., John Doe, Caterer, John Doe,
Bartender, John Doe, Liquor Supplier, Appellees.
 No. 85-5035.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit
Rule 12(6) Sept. 10, 1985.
 Decided Dec. 9, 1985.
 
 John R. Vivian, Jr., Easton, Pa., Michael J. Perrucci, William E. Mandry, Phillipsburg, N.J., for appellant.
 Bernard A. Leroe, Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, Livingston, N.J., for appellee Ford Motor Co.
 Charles A. Delehey, Lenox, Giordano, Devlin, Delehey & Socey, Trenton, N.J., J.R. Peter Wilson, McGuire & Wilson, Morristown, N.J., for appellees Mr. and Mrs. Roger J. Collins and Cindy Gerstenberg.
 Richard P. Cushing, Gebhardt & Kiefer, Clifton, N.J., for appellees Borough of Washington & Dale Bulmer.
 Before SEITZ, BECKER and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 EDWARD R. BECKER, Circuit Judge.
 
 
 1
 Appellant Debra Pierzga was terribly injured in a traffic accident on October 24, 1981. Appellant attended a wedding reception hosted by the Gerstenberg and Collins defendants in a fire hall leased from the Borough of Washington. After the reception, she accepted a ride in a Ford automobile driven by defendant Timothy Minchin, another wedding guest, who had been served alcohol at the reception. Minchin lost control of his car, which left the highway and rolled over several times, throwing appellant from the vehicle. The investigating police officer testified by way of deposition that Minchin was visibly intoxicated, and that two separate blood tests were conducted sometime between two and one-half to three hours after the accident, which revealed that Minchin had a blood alcohol content of 0.196 and 0.169 percent, respectively.
 
 
 2
 Appellant filed suit in the district court for the District of New Jersey[1] seeking damages against several defendants on a variety of theories: against Timothy Minchin on the basis of general negligence; against the Ford Motor Company on a theory of product liability; against the Borough of Washington and Dale Bulmer, the member of the fire company responsible for leasing out the fire hall, for negligence in leasing out a town hall and failing to control the manner in which alcohol was served during a function in therein; and finally against Richard Gerstenberg, Jr., Cindy Gersterberg nee Collins, and Mr. and Mrs. Richard P. Gerstenberg, Sr. and Mr. and Mrs. Roger J. Collins, the wedding hosts, based on a social host liability theory.
 
 
 3
 The district court, without opinion, granted a motion for summary judgment in favor of appellees Collins and Gerstenberg families, the Borough of Washington, and Dale Bulmer. Pursuant to Fed.R.Civ.P. 54(b), the court entered a final order as to the parties before this Court and certified the case for appellate review. This appeal followed. The appeal presents the question whether New Jersey will extend the rule of social host liability established by the New Jersey Supreme Court in Kelly v. Gwinnell, 96 N.J. 538, 476 A.2d 1219 (1984), to causes of action that arose prior to the date of that decision. Concluding that it would not, we affirm.[2]
 
 I.
 
 4
 In Kelly v. Gwinnell, defendant Gwinnell had driven defendant Zak home, and remained several hours to socialize. According to the defendants, Gwinnell consumed "two to three" drinks of scotch whiskey during this period. Gwinnell then left Zak's home to drive to his own residence. En route to his home, however, Gwinnell was involved in a head-on collision with another car, driven by plaintiff Kelly. At the scene of the accident, Gwinnell was subjected to a blood alcohol test which showed a blood alcohol content of 0.286 percent.[3] Based upon this percentage, an expert witness for Kelly concluded that, rather than "two or three" drinks, Gwinnell had consumed the equivalent of thirteen drinks, and that he must have been obviously intoxicated when he left Zak's home. The trial court granted Zak's motion for summary judgment, which was affirmed by the appellate division. The New Jersey Supreme Court reversed, holding that a host who serves liquor to a social guest, knowing that the guest is both intoxicated and will thereafter be operating a motor vehicle, is liable for injuries inflicted on a third party as a result of the negligent operation of the motor vehicle by the adult guest, when such negligence is caused by the intoxication. 96 N.J. at 548, 476 A.2d at 1224.
 
 II.
 
 5
 Appellant contends that New Jersey law under Kelly v. Gwinnell, supra, allows her to recover from the persons responsible for the intoxicated state of Timothy Minchin, her driver. Appellant claims that the district court therefore erred in granting summary judgment for the defendants, and further that the district court improperly granted summary judgment as to the Borough of Washington and Dale Bulmer in light of the provisions of the New Jersey Tort Claims Act, N.J.Stat.Ann. Sec. 59:1-1 et seq (West 1982 & Supp.1985). Appellees counter that in light of the express holding in Kelly prohibiting retroactive application of social host liability, the district court properly applied New Jersey law to the facts of this case, hence its judgment on the motions should be affirmed.
 
 
 6
 On the subject of prospective application of its opinion, the Kelly court said:
 
 
 7
 The imposition of retroactive liability could be considered unexpected and its imposition unfair. We therefore have determined that the liability imposed by this case on social hosts shall be prospective, applicable only to events that occur after the date of this decision. We will, however, apply the doctrine to the parties before us on the usual theory that to do otherwise would not only deprive the plaintiff of any benefit resulting from her own efforts but would also make it less likely that, in the future, individuals will be willing to claim rights, not yet established, that they believe are just.
 
 
 8
 Kelly, supra, 96 N.J. at 551, 476 A.2d at 1225-26. That the New Jersey Supreme Court has the ability to so limit the authority of its decisions to prospective application is undisputed. In Re Thompson, 53 N.J. 276, 298-99, 250 A.2d 393, 405 (1969).
 
 
 9
 Appellant counters with the more recent New Jersey Superior Court case of Davis v. Sam Goody, Inc., 195 N.J.Super. 423, 480 A.2d 212 (App.Div.1984), which involved facts occurring prior to the date of the Kelly decision. Davis involved a situation where defendant Sam Goody, Inc., hosted a company Christmas party for its employees. Charles Hiers, an employee of Sam Goody, Inc., attended the party and consumed alcoholic beverages. He then drove from the party, apparently in an intoxicated state, and was involved in an automobile accident, killing both himself and a third party, Charles Davis. The executors of Davis's estate brought suit against Hiers's estate and also against Sam Goody, Inc., for negligence in allowing Hiers to drive from the party while intoxicated. Noting that liability based on allowing an intoxicated person to drive an automobile depended not on the character of the server, but rather on a conventional negligence analysis regarding foreseeability, the Davis court held that such a determination is to be made by the trier of fact, and so remanded the case for proceedings consistent with Kelly. The Davis court did not address the prospective-only limitation of the Kelly opinion. In the submission of appellant, Davis expands the scope of the Kelly social host liability doctrine by extending its application to a cause of action arising prior to the announcement of the Kelly opinion, and also to a situation involving indirect service to a guest at a large social function.
 
 III.
 
 10
 The federal courts, when sitting in diversity, are to apply the State's substantive law, Rees v. Mosaic Technologies, Inc., 742 F.2d 765, 767 (3d Cir.1984), and must consider the decisions of a state's highest court to be the ultimate authority regarding state law, Ciccarelli v. Carey Canadian Mines, Ltd., 757 F.2d 548, 553, n. 3 (3d Cir.1985). While decrees of lower state courts should be attributed some weight, such decisions are not controlling where that state's highest court has not spoken on point. Commissioner v. Bosch, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782-83, 18 L.Ed.2d 886 (1967). In view of the unreserved statement of non-retroactivity in Kelly, we cannot give significant weight to Davis, which, while relying upon Kelly for the principle that a cause of action exists based on a social host liability theory, ignores the express language limiting this principle. Davis, 195 N.J.Super. at 424-25, 480 A.2d at 213.
 
 
 11
 Appellant seeks to distinguish the case at hand from that presented in Kelly. She claims that, as Kelly was limited squarely to a "direct" service situation, that decision's prospective-application limitation to its doctrine should not apply here, in a fact situation more closely resembling that of Davis, supra. As such, appellant seeks to rely on Kelly for the proposition that liability may be extended to social hosts for injury inflicted as a result of intoxicated guests, yet claims that Kelly does not strictly control facts such as those before us now, at its limitations have been superseded by Davis. This Court is constrained to find that the factual distinction between this case and Kelly only weakens appellant's claim, regardless of Davis.
 
 
 12
 By holding that the liability of a social host is to be determined by principles of conventional negligence analysis, the Davis court evaded the fact that prior to the announcement of the opinion in Kelly no cause of action existed against a social host for the actions of intoxicated guests under conventional negligence analysis. See Kelly, 96 N.J. at 542-48, 476 A.2d at 1221-23. As such, the Davis opinion is contrary to the express language used by the New Jersey Supreme Court in Kelly. Davis thus represents not a declaration of preexisting law, but rather an extension of Kelly which we cannot follow in light of the clear language of the New Jersey Supreme Court in that opinion, which limits its retrospective effect. In light of our disposition of this case due to the prospective application limitation, we do not reach appellant's contentions concerning the distinction between direct and indirect service situations. However, it seems likely that should the New Jersey Supreme Court choose to extend social host liability to indirect service situations, in light of Kelly it will only do so prospectively.
 
 
 13
 As to appellant's claim against the Borough of Washington and Dale Bulmer, appellant concedes that it is clearly contingent upon the extension of social host liability to the Collins and Gerstenberg families. Again, appellant asks this court to go far beyond the established limits of existing New Jersey law. Despite the tragic nature of the facts involved before us, and the increasing consciousness of society in addressing the problem of drunk-driving, this court is unable to find that the district court erred in this respect as well. The judgment of the district court will be affirmed.
 
 
 
 [1]
 Jurisdiction is founded upon diversity of citizenship. 28 U.S.C. Sec. 1331 (1982)
 
 
 [2]
 As this case involves an appeal from the grant of summary judgment, we will view the facts in a light most favorable to appellant. E.E.O.C. v. Great Atlantic and Pacific Tea Co., 735 F.2d 69, 81 (3d Cir.1984). This appeal presents an issue of law, over which our review is plenary. Sames v. Gable, 732 F.2d 49, 51 (3d Cir.1985)
 
 
 [3]
 Under New Jersey law, it is a violation to operate a motor vehicle with a blood alcohol content of 0.10 percent or greater. N.J.Stat.Ann. Sec. 39:4-50 (West Supp.1985)