232 N.J. Super. 374 (1989)
556 A.2d 1337
KIRK W. TILTON, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF VICTORIA TILTON AND KIRK W. TILTON, INDIVIDUALLY, PLAINTIFF,
v.
IDA C. BROMBACHER AND PARIS, INC., A CORPORATION OF THE STATE OF NEW JERSEY T/A THE HAPPY HOUR, DEFENDANTS.
Superior Court of New Jersey, Law Division Ocean County.
March 17, 1989.
*375 Gregory V. Sharkey, for plaintiff (Sharkey, Hendrickson & Edelstein, attorneys).
Robyn A. Belluardo, for defendant (Lomell, Muccifori, Adler, Ravaschiere, Amabile & Pehlivanian, attorneys).
PEPE, J.S.C.
This is a motion for summary judgment by defendant Paris, Inc., trading as "Happy Hour," a package liquor store. Victoria Tilton, a pregnant woman, was killed when an intoxicated 71-year-old woman, proceeding in the wrong direction on Route 37 East, a divided highway, struck her vehicle head-on. Plaintiff alleges that defendant Paris, Inc., sold a bottle of whiskey to an apparently intoxicated individual, defendant Ida C. Brombacher, that she consumed part of the contents of that bottle, thereby contributing to her intoxication and to the happening of the accident and the death. Defendant, while denying the factual scenario, has argued that tavern-owner liability, as established in Rappaport v. Nichols, 31 N.J. 188 (1959), and the cases that followed, has never been extended to package sales of alcohol to intoxicated adults.
This is a case of first impression. This court holds that a licensee who sells package-alcoholic beverages, albeit in a sealed bottle, to a visibly intoxicated patron who thereafter negligently operates a motor vehicle, is liable for injuries inflicted upon a third party as a result thereof, when the intoxication has been contributed to by imbibing the purchased liquor.
A brief review of the history of so-called dram shop liability in the State of New Jersey is necessary to understand the natural progression of the law which has led this court to its decision.
*376 In Rappaport, supra, the Court held a tavern owner liable for service of alcohol to a minor and to one who was actually or apparently intoxicated when the intoxication was a proximate cause of injury to that person or to an innocent third party. Once tavern owners' liability had been established, public policy considerations called for an extension of liability that was not immediately accepted. In Anslinger v. Martinsville Inn, Inc., 121 N.J. Super. 525 (App.Div. 1972), certif. den., 62 N.J. 334 (1973), the court refused to extend the liability to quasi-business organizations. Subsequently, however, in Linn v. Rand, 140 N.J. Super. 212 (App.Div. 1976), liability was extended to include social hosts serving minors. The court adopted the progressive philosophy of Rappaport by stating:
It makes little sense to say that the licensee in Rappaport is under a duty to exercise care, but give immunity to a social host who may be guilty of the same wrongful conduct merely because he is unlicensed. [Id. at 217]
Continuing the progression of the law, the court in Figuly v. Knoll, 185 N.J. Super. 477 (Law Div. 1982), extended the social host liability to the service of alcohol to an intoxicated adult guest:
While Linn dealt with serving of alcohol to a minor while a social guest at defendants' home and imposed liability, there is nothing in the reasoning thereof which would limit the application of the doctrine set forth therein to minors anymore than it could be argued that the Rappaport doctrine should have been so limited.
.... [T]his court finds it to be the law of this State that a social host who furnishes alcoholic beverages to any obviously intoxicated person under circumstances which create a reasonably foreseeable risk of harm to others may be held legally responsible to those third persons who are injured when the harm occurs. [Id. at 479-480; citation omitted]
The Figuly holding was reinforced by the Supreme Court in Kelly v. Gwinnell, 96 N.J. 538 (1984), in which the Court stated "We impose this duty on the host to the third party because we believe that the policy considerations served by its imposition far outweigh those asserted in opposition." Id. at 548.
Thereafter, liability was partially extended to a package store in Thompson v. Victor's Liquor Store, Inc., 216 N.J. Super. 202 (App.Div. 1987) wherein the court held:

*377 There is no question that Rappaport v. Nichols, supra, as well as the Alcoholic Beverage Control Regulation, N.J.A.C. 13:2-23.1(a) prohibiting direct and indirect sales to minors, provide a basis for liability.... We also observe that the decided cases in this State have all involved the sale of drinks at a bar or tavern or at a private party, and, therefore, an issue may be raised whether the same rule should apply to the sale of liquor or beer from a package store.... Therefore, a sale to a minor by a package-goods store or by the drink at a tavern should be subject to the same rule. [Id. at 205-206; footnote omitted]
This court cannot find a rational distinction between a tavern owner serving alcoholic beverages to an obviously intoxicated person and a package store owner selling a bottle of alcohol to an obviously intoxicated adult. Stopping one step short of attaching liability to a package store's sale to an obviously or apparently intoxicated adult would serve no purpose other than to frustrate the public policy which compels this court to extend such liability. The development of the law as traced above leads to the inescapable conclusion that package stores should not be able to claim immunity under these circumstances.
Also, N.J.A.C. 13:2-23.1(b) provides that "No licensee shall sell, serve, or deliver or suffer the sale, service or delivery of any alcoholic beverage, directly or indirectly, to any person actually or apparently intoxicated...." Coupling the code provisions with the case law, this court extends the package store liability.
Had this incident occurred after September 1987, there would be no question as to liability of a package store for sale to an intoxicated adult. N.J.S.A. 2A:22A-3, part of the New Jersey Licensed Alcoholic Beverage Server Fair Liability Act, provides, in part:
`Licensed alcoholic beverage server' or `server' means a person who is licensed to sell alcoholic beverages pursuant to R.S. 33:1-1 et seq....
N.J.S.A. 2A:22A-5 provides:
a. A person who sustains personal injury as a result of the negligent service of alcoholic beverages by a licensed alcoholic beverage server may recover damages from a licensed alcoholic beverage server only if:
(1) The server is deemed negligent pursuant to subsection b. of this section; and

*378 (2) The injury or damage was proximately caused by the negligent service of alcoholic beverages; and
(3) The injury or damage was a foreseeable consequence of the negligent service of alcoholic beverages.
b. A licensed alcoholic beverage server shall be deemed to have been negligent only when the server served a visibly intoxicated person....
This statute clearly shows the intent of the Legislature concerning package store liability.
This court sets the following requirements for plaintiff, an innocent third party, to prove in order to hold the package store owner liable:
1. The package store owner or employee sold packaged alcoholic beverages to an actually and apparently intoxicated person;
2. The intoxication was contributed to by imbibing of the purchased liquor; and
3. The negligence which caused the injury was causally related to the intoxication.
In the case before this court, there are substantial factual issues concerning whether the alcohol was purchased from defendant, when it was purchased, the apparent and actual condition of the purchaser at the time of the purchase, and whether the alcohol purchased contributed to the intoxication of the purchaser at the time of the accident. These facts, based upon both plaintiff's and defendant's affidavits, are disputed and are for a jury to decide. The motion is denied.