273 N.J. Super. 402 (1994)
641 A.2d 1143
LOUIS COMPONILE, PLAINTIFF,
v.
RICHARD MAYBEE, JR., "JOHN DOE", FIRST AND LAST NAME BEING FICTITIOUS, EMIL METZ AND "JANE" METZ, WIFE OF EMIL METZ, FIRST AND LAST NAMES BEING FICTITIOUS, "JACK ROE" AND "JILL ROE", FIRST AND LAST NAMES BEING FICTITIOUS AND "JOHN" METZ, FIRST NAME BEING FICTITIOUS, DEFENDANTS.
Superior Court of New Jersey, Law Division (Civil) Union County.
Decided February 8, 1994.
*403 Anthony Rinaldo, Jr., for plaintiff (Rinaldo & Rinaldo, attorneys).
John Methfessel, Jr., for defendants Emil and Phyllis Metz (Methfessel & Werbel, attorneys).
Elliot N. Fabricant, for defendant Richard Maybee, Jr.
MENZA, J.S.C.
Defendants, Emil and Phyllis Metz, move for summary judgment.
The defendants are the owners of a dwelling known as 8 Balmiere Parkway, Cranford, N.J. On October 21, 1989, while the Metzes were away from home, their son, Greg Metz, hosted a party at the premises which was attended by twenty to thirty persons each of whom contributed the sum of $3.00 towards the cost of the party. Plaintiff alleges that during the course of the evening, the defendant, Richard Maybee, Jr. (Maybee) became intoxicated and demonstrated loud and aggressive behavior. Plaintiff contends that Maybee, while intoxicated, came up to the plaintiff while he was standing in the driveway and grabbed him, thereby causing the plaintiff to slip on wet leaves and fall to the ground. Plaintiff alleges that Maybee then punched and kicked him causing the plaintiff to sustain injuries. Maybee has described his condition on the night in question as "maybe" having *404 been intoxicated and by saying "he was buzzed." Plaintiff and Greg Metz are adults.
Plaintiff has brought an action against Maybee and the Metzes claiming that the Metzes are negligent because Maybee was served with intoxicating beverages and that it was his intoxication which brought about the assault.[1]
Defendants Metz respond that they cannot be held negligent for serving alcoholic beverages to Maybee because both the common law and the social host statute, N.J.S.A. 2A:15-5.7, immunizes them from any liability to the plaintiff.
Until 1959, the common law in New Jersey, and generally throughout the country, was that a cause of action for negligence could not lie against a social host who served alcohol to an intoxicated adult.
The general rule at common law is that it is not a tort to either sell or give intoxicating liquor to an ordinary able-bodied person, and no cause of action exists against one furnishing liquor in favor of those injured by intoxication of the person so furnished. The reason usually given for this rule is that the drinking of liquor, not the furnishing of it, is the proximate cause of the injury.
[62 ALR 4th 17, 22, Social Host Liability.]
In 1959, the New Jersey Supreme Court decided the case of Rappaport v. Nichols, 31 N.J. 188, 156 A.2d 1 (1959). In that case, the Supreme Court held that a tavern keeper who serves a minor or an intoxicated person may be liable for negligence to a third person who is injured by the conduct of the person who has been served the intoxicating beverages.
Two New Jersey cases extended the Rappaport principle to social hosts. In Linn v. Rand, 140 N.J. Super. 212, 356 A.2d 15 (1976), the Appellate Division held that a social host who furnished excessive amounts of intoxicating liquor to a minor, knowing that *405 the minor was about to drive an automobile, could be held liable for the intoxicated minor's negligent act which caused injury to an innocent third party. The court said:
The forward-looking and far-reaching philosophy expressed in Rappaport should also be applicable to negligent social hosts and should not be limited to holders of liquor licenses and their employees....
It makes little sense to say that the licensee in Rappaport is under a duty to exercise care, but give immunity to a social host who may be guilty of the same wrongful conduct merely because he is unlicensed.
....
Our courts have not hesitated to place responsibility for tortious acts upon the person committing the wrong, nor have they refrained from removing old common law doctrines which granted immunity to wrongdoers. Why should a social host be given the special privilege of immunity from liability if he acts negligently with resulting harm to others?
[Id. at p. 216-218, 356 A.2d 15).]
And in the case of Figuly v. Knoll, 185 N.J. Super. 477, 449 A.2d 564 (Law Div. 1982), a trial court extended Linn to an adult, holding that a social host may be liable to third persons injured in an automobile accident caused by an intoxicated guest where the host had negligently allowed the guest to become intoxicated. The court stated:
While Linn dealt with the serving of alcohol to a minor while a social guest at defendant's home and imposed liability, there is nothing in the reasoning thereof which would limit the application of the doctrine set forth therein to minors any more than it could be argued that the Rappaport doctrine should have been so limited.
[Figuly, 185 N.J. Super. at 479-80, 449 A.2d 564.]
It concluded:
There is no reasonable basis for limiting the holding of Linn to minors, and this court finds it to be the law of this State that a social host who furnishes alcoholic beverages to any obviously intoxicated person under circumstances which create a reasonably foreseeable risk of harm to others may be held legally responsible to those third persons who are injured when that harm occurs.
[Id. at p. 480, 449 A.2d 564.]
*406 In 1984, the Supreme Court finally addressed the question of host liability in the case of Kelly v. Gwinnell, 96 N.J. 538, 476 A.2d 1219 (1984). In that case the court held that a social host who provides intoxicating liquor to a guest knowing that the guest was intoxicated and knowing that the guest would drive, is liable to third persons injured as a result of the negligent operation of an automobile by the guest if the negligence was caused by the intoxication.
Whatever the motive behind making alcohol available to those who will subsequently drive, the provider has a duty to the public not to create foreseeable, unreasonable risks by this activity.
We therefore hold that a host who serves liquor to an adult social guest, knowing both that the guest is intoxicated and will thereafter be operating a motor vehicle is liable for injuries inflicted on a third party as a result of the negligent operation of a motor vehicle by the adult guest when such negligence is caused by the intoxication.
[Id. at 548, 476 A.2d 1219.]
The premise of Kelly's imposition of liability on the social host, was that the social host had a "duty ... not to create foreseeable unreasonable risks." Obviously this premise is applicable not only to automobile accidents but also to all situations which result in injuries because of a guest's intoxication. In fact some jurisdictions have applied the concept of social host foreseeability to situations other than automobile accidents in which third persons are injured as result of the conduct of an intoxicated guest. See for example the California case of Clendening v. Shipton, 149 Cal. App.3d 191, 196 Cal. Rptr. 654 (1983), in which the court held that a social host could be liable on common law negligence grounds to a wife who was assaulted by her husband as a result of his having become intoxicated on alcohol provided by a social host. "[W]e conclude foreseeability of harm to [the wife] by reason of [the husband's] intoxication is a question of fact for the jury." Id. 196 Cal. Rptr. at 658.
*407 The Supreme Court made it clear in Kelly, however, that it was only addressing the issue before it, of the liability of a host to a third person injured in an automobile accident. The Court stated:
We are well aware of the many possible implications and contentions that may arise from our decision. We express no opinion whatsoever on any of these matters but confine ourselves strictly to the facts before us. We hold only that where a host provides liquor directly to a social guest and continues to do so even beyond the point at which the host knows the guest is intoxicated, and does this knowing that the guest will shortly thereafter be operating a motor vehicle, that host is liable for the foreseeable consequences to third parties that result from the guest's drunken driving ... our ruling today will not cause a deluge of lawsuits or spawn an abundance of fraudulent and frivolous claims. Not only do we limit our holding to the situation in which a host directly serves a guest, but we impose liability solely for injuries resulting from the guest's drunken driving.

[Id. at 559, 476 A.2d 1219 (emphasis added).]
And it was the Court's comments regarding the potential contentions and implications of their decision which prompted the Legislature to create a commission to study the question of host liability. The study commission, known as the Commission on Alcoholic Beverage Liability, reported to the Legislature in September 1985 with these comments:
The New Jersey Supreme Court's decision in Kelly v. Gwinnell, 96 N.J. 538, 476 A.2d 1219 (1984), caused the Legislature and the commission to be gravely concerned. Basing its decision upon the facts of the situation before it, the court held that a social host who serves liquor to an adult guest, knowing both that the guest is intoxicated and that the guest will thereafter be operating a motor vehicle, is liable for injuries inflicted on a third party as a result of the negligent operation of a motor vehicle by a guest if the negligence is caused by the intoxication. The court clearly stated that its decision applied only to the facts before it and should not be taken as applying to other situations, such as large parties at which the host is too busy to personally serve alcoholic beverages to each guest or at which guests serve themselves or each other. "We will face those situations when and if they come before us," Chief Justice Wilentz said. (at p. 556 [476 A.2d 1219]).
The commission believes that to allow the court's decision to stand and to take no legislative action would be to leave the public without any indication of its responsibilities in the area of serving alcoholic beverages to social guests.
... [T]he commission recommends legislation that will clearly establish the circumstances under which a social host can be held liable for injuries and damages caused by a social guest to whom the host has provided alcoholic beverages (see Appendix B). The commission believes that the enactment of this legislation will prevent the court from expanding social host liability and allay the fears of social hosts by precisely informing them of their duties.

*408 [COMMISSION ON ALCOHOLIC BEVERAGES LIABILITY OF NEW JERSEY, FINAL REPORT, at 5-6 (September 18, 1985).]
The legislation which evolved from the commission's recommendations limited host liability to automobile accidents and only where specific criteria have been met. The statement to the bill provides:
This bill would substantially limit the scope of host liability created by the New Jersey Supreme Court in Kelly v. Gwinnel, A-96/97 (1984), in which the court extended liability for injuries arising out of a motor vehicle accident caused by an intoxicated driver to a social host who served drinks to the driver prior to the accident. That case was and is without precedent anywhere in the country.
The statute provides:
b. A person who sustains bodily injury or injury to real or personal property as a result of the negligent provision of alcoholic beverages by a social host to a person who has attained the legal age to purchase and consume alcoholic beverages may recover damages from a social host only if:
(1) The social host willfully and knowingly provided alcoholic beverages either:
(a) To a person who was visibly intoxicated in the social host's presence; or
(b) To a person who was visibly intoxicated under circumstances manifesting reckless disregard of the consequences as affecting the life or property of another; and
(2) The social host provided alcoholic beverages to the visibly intoxicated person under circumstances which created an unreasonable risk of foreseeable harm to the life or property of another, and the social host failed to exercise reasonable care and diligence to avoid the foreseeable risk; and
(3) The injury arose out of an accident caused by the negligent operation of a vehicle by the visibly intoxicated person who was provided alcoholic beverages by a social host.
[N.J.S.A. 2A:15-5.6.]
The statute also restricted first party suits to those brought by minors.
No social host shall be liable to a person who has attained legal age to purchase and consume alcoholic beverages for damages suffered as a result of the social host's negligent provision of alcoholic beverages to the person.
[N.J.S.A. 2A:15-5.7.]
The defendant is therefore correct. A social host may only be directly liable to minors and to third persons injured in automobile accidents. A social host is not liable to anyone else injured as a *409 result of the social host's serving of intoxicating beverages to a guest.
Motion granted.
NOTES
[1] The court has made a determination that the plaintiff was not an invitee but a social guest-license and that the wet leaves did not constitute a dangerous condition. Plaintiff also contends that he was an invitee and that a dangerous condition existed on the premises by virtue of the wet leaves in the driveway.