**Joe WALKER and Tammy Sue Walker, Appellants,**

v.

**CHILDREN'S SERVICES, INC., its Successors in Interest, and Daryl Dulaney, Appellees.**

**No. 07–87–0225–CV.**

Court of Appeals of Texas, Amarillo.

June 7, 1988.

Rehearing Denied June 29, 1988.

Gary A. Taylor, Felty & Taylor, Lubbock, for appellants.

Laurence Alan Bransgrove, Stokes & Fields, Amarillo, for appellees.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

DODSON, Justice.

This is an appeal from a summary judgment granted in favor of appellees, Children's Services, Inc. and Daryl Dulaney. The question presented is whether a person who injures himself while driving an automobile under the influence of intoxicants may recover in tort from the individual who furnished him intoxicants in a social setting. We answer the question in the negative.

Joe and Tammy Walker, appellants, sued Children's Services, Inc. and three of its employees for injuries incurred by Walker, alleging that the employees of Children's Services negligently served alcohol to an intoxicated Walker who later collided with a traffic signal pole. Upon motion by the appellees, the trial court granted a summary judgment against the Walkers. The action against Children's Services and Daryl Dulaney, one of the employees, was severed and appealed to this Court.

The summary judgment evidence established the following facts: On 17 January 1984, after the three o'clock to eleven o'clock p.m. shift, Joe Walker, Johnny Wright, Bobby Gilliam, and Daryl Dulaney, all employees of Children's Services, were driving several of their co-workers home due to ice and snow on the roads. After they delivered the last person to her home, the four men began to consume alcoholic beverages while still in the van in which they had taken their co-workers home. Gilliam was driving the van. The men returned to Children's Services approximately one and one-half hours after the end of the shift and dispersed to return to their respective homes. As he was driving home, Walker was involved in a single vehicle collision with a traffic signal pole and was seriously injured as a result of the collision. The summary judgment evidence also shows that Walker had a blood alcohol level of .27 after the accident.

By their sole point of error, appellants contend the trial court erred in granting the appellees' motion for summary judgment in that genuine issues of material fact exist upon which appellants may maintain a valid cause of action. This appeal presents two questions. Does a cause of action exist in Texas which imposes a duty on social hosts not to serve liquor to guests who are obviously intoxicated in order to prevent them from harming themselves or others? If such a duty exists, are there fact issues as to whether appellee Children's Services may be held liable for the acts of its employees?

■ Negligence, a common law doctrine, consists of three essential elements—a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex.1975). Duty is the threshold issue. An individual seeking to recover must prove the existence and violation of a duty owed to him by the defendant to establish liability in tort. *Abalos v. Oil Development Co.*, 544 S.W.2d 627, 631 (Tex.1976).

It is such a duty that the Walkers attempt to impose on the employees of Children's Services.

■ Appellants first argue that Children's Services and their employees owe a duty to Joe Walker similar to that found in *Otis Engineering Corp. v. Clark*, 668 S.W. 2d 307 (Tex.1983). However, *Otis Engineering* does not apply to this case because that case creates a duty owed by the employer to innocent third persons who are injured by the acts of an intoxicated employee. *Otis Engineering* states that the standard of duty owed is:

> When, because of an employee's incapacity, an employer exercises control over the employee, the employer has a duty to take such action as a reasonably prudent employer under the same or similar circumstances would take to prevent the employee from causing an unreasonable risk of harm to *others.* (emphasis added)

*Id.* at 311. *Otis Engineering* does not require an employer to protect an employee from harming himself. In this instance, we do not have an injured third party; therefore, *Otis Engineering* does not apply.

■ Next, appellants argue that the rule of *El Chico Corp. v. Poole*, 732 S.W.2d 306 (Tex.1987), should be expanded to cover social host liability. The supreme court in *El Chico* found a duty owed by an alcoholic beverage licensee to the general public not to serve alcoholic beverages to a person when the licensee knows or should know that the patron is intoxicated. *Id.* at 314. The licensee who violates that duty is negligent as a matter of law. *Id.* *El Chico* further held that the duty is the same whether the foreseeable injury involves the

drunkard himself, or a third party who may be placed in peril because of the drunkard's condition. *Id.* at 312. The Court based such a duty on principles of common law negligence and section 101.63(a) of the Texas Alcoholic Beverage Code Annotated (Vernon 1978), which provides: "A person commits an offense if he knowingly sells an alcoholic beverage to an habitual drunkard or an intoxicated person or an insane person." Citing the statute's express purpose, which is the protection of the welfare, health, peace, temperance, and safety of the people of the state, the Court held that this code section provided an appropriate standard of conduct for civil liability. *El Chico*, 732 S.W.2d at 312. While recognizing that *El Chico* specifically did not address social host liability, the Walkers urge that the decision could be reasonably extended to provide a remedy against appellees.

A social host's duty to not serve alcohol to a visibly intoxicated adult, whom the host knows, or should know, intends to drive a motor vehicle, has not yet been addressed in Texas. However, a number of other jurisdictions have considered the issue and our research reveals only six jurisdictions in which a cause of action in negligence has actually been recognized against a social host serving alcoholic beverages to a person past the legal drinking age: California, Georgia, Iowa, Massachusetts, New Jersey, and Washington.[1]

The cause of action in California was very short lived, as the California legislature expressly abrogated social liability by enacting section 1714 of the California Civil Code.[2] *See Cory v. Shierloh*, 29 Cal.3d

1. *Coulter v. Superior Court of San Mateo County*, 21 Cal.3d 144, 145 Cal.Rptr. 534, 577 P.2d 669 (1978); *Divecchio v. Mead Corp.*, 184 Ga.App. 447, 361 S.E.2d 850 (1987); *Clark v. Mincks*, 364 N.W.2d 226 (Iowa 1985); *Dhimos v. Cormier*, 400 Mass. 504, 509 N.E.2d 1199 (1987); *Kelly v. Gwinnell*, 96 N.J. 538, 476 A.2d 1219 (1984); *Halligan v. Pupo*, 37 Wash.App. 84, 678 P.2d 1295 (1984).

2. Section 1714 of the California Civil Code provides:
(a) Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of

ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought injury upon himself. The extent of liability in such cases is defined by the Title on Compensatory Relief.
(b) It is the intent of the Legislature to abrogate the holdings in cases such as *Vesely v. Sager* (5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151]), *Bernhard v. Harrah's Club* (16 Cal.3d 313 [128 Cal.Rptr. 215, 546 P.2d 719]), and *Coulter v. Superior Court* ([21] Cal.3d [144, 145 Cal.Rptr. 534, 577 P.2d 669]) and to reinstate the prior judicial interpretation of this section as it relates to proximate cause

430, 174 Cal.Rptr. 500, 629 P.2d 8 (1981) (upholding the validity of section 1714 against a constitutional challenge). The cause of action still exists in the other five jurisdictions.

Several other jurisdictions have considered the issue of social host liability and have been unwilling to extend liability to a social host who has served intoxicants to adult guests.[3] Many have found that imposition of this new form of liability is such a radical departure from prior law, with such extraordinary effects on the average citizen, that the issue is best left to a legislative determination. Therefore, the great weight of authority supports the position that a social host should not be held liable to his guests nor to third parties whom his guests may injure.

We must now examine whether Texas should join in the minority of jurisdictions and extend the liability found in *El Chico* to a social host. We conclude that the duty should not be extended. En route to this conclusion, it is important to look at the differences between commercial licensees and private social hosts. First, a liquor licensee is subject to regulation by both the Alcoholic Beverage Commission and the legislature. It is reasonable to impose tort liability on licensees based on their violation of explicit statutes and regulations. Another significant difference between an average citizen and a tavern owner is the average citizen's lack of knowledge and experience in determining levels and degrees of intoxication. Tavern and restaurant owners and their employees are faced with the alcohol consuming public every day. This experience affords them some degree of expertise with regard to recognizing intoxicated individuals. Additionally, a commercial licensee controls dispersement of alcoholic beverages in his establishment; whereas, a social host may often simply open his private stock and may not have an effective method of monitoring his guests' drinking. Finally, these distinctions go beyond "cocktail party customs" or mere "inconvenience." The spectrum of social host liability is so broad that it requires an in-depth review by the legislature which would result in a solution that would further the goals of reducing injuries related to drunk driving and adequately compensating the injured party, while imposing a limited liability on the social host.

Although *El Chico* was based on common law negligence, the Court deemed the regulations restricting the service of alcohol to those already intoxicated significant enough evidence of legislative policy to impart knowledge of foreseeable risk on the provider of the alcohol and to fashion a civil remedy for negligently creating that risk. Without similar evidence of legislative policy with regard to social hosts, we are not persuaded to extend a civil remedy to social guests who injure themselves or others.

Under the present posture of the Texas law, we conclude there is no cause of action under which appellants may proceed. Since there is no cause of action under which the appellants may proceed and, by amending their pleadings they cannot state a recognized cause of action, we further conclude that the trial court did not err by granting the challenged summary judgment. *See Barclay v. Ochiltree Appraisal Dist. Bd.*, 730 S.W.2d 878, 880 (Tex.App.—

---

for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated person, namely that the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication, but rather the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person.

(c) No social host who furnishes alcoholic beverages to any person shall be held legally accountable for damages suffered by such person, or for injury to the person or property of, or death of, any third person, resulting from the consumption of such beverages.

3. *Cartwright v. Hyatt Corp.*, 460 F.Supp. 80 (D.C. 1978); *Fruit v. Schreiner*, 502 P.2d 133 (Alaska 1972); *Kowal v. Hofher*, 181 Conn. 355, 436 A.2d 1 (1980); *Miller v. Moran*, 96 Ill.App.3d 596, 52 Ill.Dec. 183, 421 N.E.2d 1046 (1981); *Behnke v. Pierson*, 21 Mich.App. 219, 175 N.W. 2d 303 (1970); *Cole v. City of Spring Lake Park*, 314 N.W.2d 836 (Minn.1982); *Runge v. Watts*, 180 Mont. 91, 589 P.2d 145 (1979); *Hamm v. Carson City Nugget, Inc.*, 85 Nev. 99, 450 P.2d 358 (1969); *Schirmer v. Yost*, 60 A.D.2d 789, 400 N.Y.S.2d 655 (1977); *Tarwater v. Atlantic Co.*, 176 Tenn. 510, 144 S.W.2d 746 (1940).

Amarillo 1987, no writ); *Jacobs v. Cude*, 641 S.W.2d 258, 261 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). This disposition pretermits any discussion of the potential *respondeat superior* liability of Children's Services, Inc. Appellants' sole point of error is overruled.

The judgment of the trial court is affirmed.