Colin A. SMITH, et al., Appellants,

v.

Margaret MERRITT, et al., Appellees.

No. 12-93-00197-CV.

Court of Appeals of Texas,
Tyler.

Nov. 13, 1995.

Rehearing Overruled Nov. 13, 1995.

---

17. *Sun Exploration and Prod. Co. v. Benton*, 728　S.W.2d 35, 37 (Tex.1987).

David Griffith, for appellant.

Gregory P. Grajczyk, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

### OPINION ON MOTIONS
### FOR REHEARING

RAMEY, Chief Justice.

Appellants and Appellee Robert Barbee have filed Motions for Rehearing. We overrule the Motions but for clarification our original opinion dated August 23, 1995 is withdrawn and the following opinion substituted:

This is an appeal from a summary judgment in a vehicular accident case involving the provision of alcoholic beverages to a nineteen year old social guest. Summary judgment was rendered in favor of defendants Margaret Merritt, A.P. Merritt, Jr., Bob Barbee, and Marita Barbee (together "owners"), who were alleged to be the owners of a

lakehouse at which a social event took place, and Robert Barbee, the Barbees' nineteen year old son, who was the host of the social event. Plaintiffs Al Smith and son, Colin Smith, ("Smiths") sued for damages resulting from personal injuries to Colin Smith, who was a passenger in a vehicle driven by Robert Hale ("Hale"). Smith and Hale collided with another vehicle after leaving the lakehouse. After both sides offered summary judgment evidence, the trial court granted summary judgment for all movants. We will affirm in part and reverse in part.

The attendees at the lakehouse social gathering were primarily over eighteen but under twenty-one years of age. The lakehouse had been unoccupied before Robert Barbee and Hale arrived in separate vehicles at approximately 5:30 p.m. on the day in question. They, with several other friends, cleaned up the lakehouse and prepared for the later arrival of the guests. None of the owners was present at the lakehouse during the party, nor is there summary judgment evidence that they had consented to or were aware of its use for this gathering. Prior to Robert Barbee's arrival to open up the lakehouse, there were no alcoholic beverages on the premises, nor was there a specific liquor storage place in the lakehouse. Robert Barbee had a key to the lakehouse which he used to open it prior to the party; he brought two kegs of beer to the property in the back of his pickup truck. Hale testified by deposition, made a part of the summary judgment evidence, that he had consumed two or three "cups" of beer prior to leaving the lakehouse; he said that after completing the party preparations, the several people who had come early played a game of Pictionary. At approximately 7:45 to 8 p.m., Hale and Colin Smith left the lakehouse in Hale's automobile to return to their homes to clean up and dress, with the probable intention of returning to the party. The accident occurred moments later.

The Smiths assign four points of error asserting that there was a fact question as to whether (1) the owners and Robert Barbee were "negligent per se" for their violations of the Texas Alcoholic Beverage Code; (2) they were negligent at common law in providing alcohol and serving it at the lakehouse; (3) they breached their duty to control their licensees; or (4) they knowingly permitted others to act tortiously on their premises.

In 1987, the Texas legislature passed chapter two of the Alcoholic Beverage Code, known as the "dram shop" law, to govern the civil liability of commercial providers of alcoholic beverages. The statute did not address the question of social host liability, but several years later, the Texas Supreme Court specifically held that there is no common law duty imposed upon a social host to avoid providing alcohol to an intoxicated adult guest who the host knows will be driving. *Graff v. Beard*, 858 S.W.2d 918 (Tex.1993). The court explained that there were two practical difficulties inherent in shifting the legal responsibility for a driver's intoxication from the imbiber to the social host: the host cannot reasonably know the extent of his guests' alcohol consumption level, and the host cannot reasonably be expected to control the conduct of his guests. *Ibid.*, at 920–22.

Here, however, the thrust of the Smiths' appeal is that Robert Hale, the driver of the vehicle, was nineteen years of age at the time of the party and a minor under the provisions of the Texas Alcoholic Beverage Code. TEX. ALCO.BEV.CODE ANN. § 106.01. The Code further provides that one "commits an offense if he knowingly makes available an alcoholic beverage to a minor." TEX. ALCO.BEV.CODE ANN. § 106.06. It is noted that in Texas in all other respects, a person reaches majority at age eighteen. *Fuller v. Maxus Energy Corp.*, 841 S.W.2d 881, 885 (Tex.App.—Waco 1992, no writ). The Smiths thus maintain that inasmuch as Hale was in the protected "minor" class under the Code, the authority for a social host's non-liability for serving alcohol to an intoxicated adult driver is inapplicable.

The movants for summary judgment have the burden to show that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In considering whether there is a disputed ma-

terial fact issue precluding summary judgment, evidence favorable to the non-movants is taken to be true. *El Chico v. Poole*, 732 S.W.2d 306 (Tex.1987). Every reasonable inference is indulged in favor of the non-movants, and any doubts are resolved in their favor. *Ibid.* The burden is imposed upon the movants to establish as a matter of law that there is no genuine issue of material fact as to the relief sought. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). Summary judgment is a stern measure used only to eliminate issues that can be determined as a matter of law. Because of its severity, the rule "must be applied as written." *McConnell v. Southside I.S.D.*, 858 S.W.2d 337 (Tex.1993).

█ Initially, we consider the common law liability of Robert Barbee as the host of the party which included Robert Hale. We disagree with the Smiths that the supreme court's ruling in *Graff* is inapplicable in this case. They argue that because Hale was a "minor" under the Alcoholic Beverage Code, a social host has a common law duty to control his behavior and determine whether he is intoxicated.[1] *Graff*, 858 S.W.2d at 920–22. In considering common law liability, statutory enactments are not pertinent. Though at the time of the accident Robert Barbee and Hale were indeed minors as the term is defined under the Alcoholic Beverage Code, both were adults under the common law. *Fuller*, 841 S.W.2d at 885. Therefore, we conclude that the reasoning behind the supreme court's holding in *Graff* applies to Robert Barbee as a social host, and he cannot be liable under the common law for making alcohol available to Hale, regardless of Hale's condition of sobriety. We decline to hold Robert Barbee to a higher common law standard of conduct than the social host in

*Graff*.[2] The Smith's second point of error as to Robert Barbee is overruled.

█ A thornier issue is presented by the first point of error, negligence per se, as it relates to the availability of alcoholic beverages to Hale which were provided by Robert Barbee. An unexcused violation of a statute constitutes negligence per se if that statute was designed to prevent injury to the class of persons to which the injured plaintiff belongs. *Chapa v. Club Corp. of America*, 737 S.W.2d 427, 429 (Tex.App.—Austin 1987, n.w.h.). Unexcused violations of a penal statute are likewise included. *Ibid.* The stated purpose of the Alcoholic Beverage Code is "the protection of the welfare, health, peace, temperance, and safety of the people of the state," and it is to be "liberally construed to accomplish this purpose." TEX. ALCO.BEV.CODE ANN. § 1.03. The Code was enacted to protect the safety of the general public, including Colin Smith, as well as the specific class expressly described in a section of that Code. *El Chico v. Poole*, 732 S.W.2d 306, 312–13 (Tex.1987); *Ryan*, at 115. The policy expressed in the Alcoholic Beverage Code condemns the serving of alcohol to a minor, such as Hale. TEX.ALCO.BEV.CODE ANN. § 106.06 (Vernon 1995). Section 106.06 likewise does not require that the minor become intoxicated from the consumption of alcohol, and the relationship between Robert Barbee and Hale at the lakehouse was immaterial, whether they be social host-guest or friends or have some other relationship. *Chapa*, 737 S.W.2d at 429. The summary judgment evidence shows that Hale imbibed alcoholic beverages provided by Robert Barbee at the lakehouse prior to the accident injuring Colin Smith. We hold that the Smiths thereby raised a question of fact that Robert Barbee was negligent per se in making alcohol available to the statutory minor, Hale, in violation of the Alcoholic Beverage

---

1. In addition, there is a third responsibility imposed upon the young social host, Robert Hale, here: determining the ages of each guest.

2. In a very recent opinion, the San Antonio Court of Appeals disagreed with this holding "because the rationale expressed in *Graff* does not apply to the relationship between minors, or adults and minors. The adult social host need not estimate the extent of a minor's alcohol con-

sumption because serving minors any amount of alcohol is a criminal offense." *Ryan v. Friesenhahn*, 911 S.W.2d 113, 117 (Tex.App.—San Antonio, 1995, n.w.h.). We perceive a distinction between the seventeen year old minor in *Ryan* and nineteen year old Hale who was a minor only by statutory enactment. At common law, Hale was an adult and Barbee is not liable as a social host under *Graff*.

**460**

Code.[3] We sustain the Smiths' first point of error and reverse the summary judgment in favor of Robert Barbee on the Smiths' negligence per se cause of action. It will not be necessary to address any other point of error pertaining to Robert Barbee.

 As to the validity of the summary judgment in favor of the owners, there was no summary judgment evidence connecting the Merritt owners to the occurrence or even to the lakehouse. The evidence establishes that the owners were not physically present on the lakehouse premises at any relevant time. Although there was some non-specific evidence that the Barbee owners had knowledge of prior occasions in which Robert Barbee had entertained at the lakehouse and at which alcohol was consumed, there was no summary judgment proof that they consented or even were aware of the party on this occasion. The evidence revealed that Robert Barbee made the arrangements for the invitation of guests to this function; the owners did not. Robert Barbee provided the liquor. It is undisputed that the owners, not being present, did not "give or knowingly make available an alcoholic beverage" to Hall or any guest at this party. TEX.ALCO.BEV.CODE ANN. § 106.06 (1978). Because they had no factual connection with the party or with the serving or availability of alcoholic beverages to any guest, we hold that as a matter of law the owners are not liable to the Smiths under any theory, and we overrule each of the four points of error as to them. The summary judgment in favor of the owners is affirmed. The summary judgment in favor of Robert Barbee is severed from the owners' summary judgment, and it is reversed and remanded to the trial court.

---

**3.** Barbee also argues that even if his actions constituted a violation of Section 106.06 of the Alcoholic Beverage Code, Section 2.03 of the Code prohibits recovery on a theory of negligence per se. Section 2.03 states that the civil remedy provided in chapter two of the Code is "the exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older." TEX.ALCO.BEV.CODE ANN. § 2.03 (Vernon 1995). When the supreme court addressed the issue of social host liability in *Graff*, however, it noted that Section 2.03 makes chapter two of the Code "the exclusive basis for the civil liability of *commercial providers* of alcohol." *Graff*, 858 S.W.2d at 919 (emphasis added). In fact, chapter two defines the term "provider" as someone who sells an alcoholic beverage or serves one under the authority of a license or permit. TEX. ALCO.BEV.CODE ANN. § 2.01 (Vernon 1995). Chapter two does not apply to purely social hosts, and Section 2.03 does not, therefore, exclude the liability of a social host for negligence per se. In *Boyd v. Fuel Distributors, Inc.*, 795 S.W.2d 266 (Tex.App.—Austin 1990, writ denied), the Austin Court of Appeals correctly held that Section 2.03 excluded liability under a theory of negligence per se; however, that case is inapposite here because it involved only a commercial provider of alcohol, not a social host.