Stephen G. RYAN and Sandra Ryan, Individually and As Natural Parents of Sabrina A. Ryan, a Minor, and Stephen G. Ryan, as Temporary Administrator of the Estate of Sabrina A. Ryan, Deceased, Appellants,

v.

Frederick FRIESENHAHN, Nancy Friesenhahn and Todd Friesenhahn, Appellees.

No. 04–93–00280–CV.

Court of Appeals of Texas, San Antonio.

Oct. 18, 1995.

Rehearing Overruled Nov. 15, 1995.

Donald J. Mach, San Antonio, for Appellants.

Ross S. Crossland, Phillips, Ettinger & Prikryl, L.L.P., Austin, Kenton P. Campbell, Dwain K. Rogers, Jr., Thornton, Summers, Biechlin, Dunham & Brown, L.C., Austin, for Appellees.

Before RICKHOFF, LOPEZ and GREEN, JJ.

## OPINION

RICKHOFF, Justice.

This is an appeal from a take-nothing summary judgment granted the defendants in a social host liability case. Appellants' seventeen-year-old daughter was killed in a single-car accident after leaving appellees' party in an intoxicated condition. While we hold that appellants' were denied an opportunity to amend their pleadings, we also find that their pleadings stated a cause of action for negligence and negligence per se. We reverse and remand.

### Summary of Facts

#### 1. Factual Background

Todd Friesenhahn, son of Nancy and Frederick Friesenhahn, held an "open invitation" party at his parent's home that encouraged guests to "bring your own bottle." Sabrina Ryan attended the party, became intoxicated, and was involved in a fatal accident after she left the event. According to the Ryans' petition, Nancy and Frederick Friesenhahn were aware of this activity and of Sabrina's condition.

## 2. Procedural Chronology

Sandra and Stephen Ryan, acting in their individual and representative capacities, sued the Friesenhahns for wrongful death, negligence, and gross negligence. The Ryans also alleged several causes of action against commercial alcohol suppliers, but these claims were severed from the claims against the Friesenhahns.

On December 12, 1990, the Friesenhahns filed special exceptions to the Ryans' first amended petition, alleging that the Ryans failed to plead any facts on which liability could be assessed. Social host liability, they asserted, was not a recognized cause of action in Texas; that is, there was no liability to one who injures herself while driving under the influence of alcohol provided by a social host.

On March 23, 1992, the trial court heard the special exceptions and orally rendered[1] an order (1) granting the special exceptions relating to Sabrina's cause of action; (2) denying the special exceptions relating to her parents' cause of action; and (3) permitting the Ryans to file a motion for leave to amend Sabrina's cause of action no sooner than twenty-five days before trial but not later than eight days before trial. The order also permitted the Friesenhahns to re-urge their special exceptions during that period.[2]

According to the court's docket sheet, on January 30, 1992, a jury trial was set for November 16, 1992, but dropped at some indeterminate date.

The Ryans twice amended their claims against the corporate defendants but did not file a motion for leave to amend Sabrina's claims before the Friesenhahns filed a motion for summary judgment alleging they owed no duty to the Ryans. The Ryans responded that the motion for summary judgment was premature because the trial court had ordered them to file a motion for leave to amend their pleadings no sooner than twenty-five days before trial, and no later than eight days after trial. The Ryans also requested an opportunity to replead.

The trial court heard the motion for summary judgment on October 14, 1992. On November 13, 1992, the trial court (1) signed its order granting special exceptions, which was orally rendered on March 23, 1992; (2) denied the Ryans' request to abate for repleading; and (3) granted the summary judgment on all causes of action, including those of the minor and her parents.[3]

### Arguments on Appeal

In three points of error, the Ryans contend the trial court erred in (1) granting the motion for summary judgment; (2) doing so before allowing them to replead their case in accordance with its order on the special exceptions; and (3) denying their request to abate the summary judgment hearing in order to replead their case. The Friesenhahns maintain the Ryans cannot amend their pleadings to allege a viable claim, essentially because no authority explicitly creates a cause of action.

## 1. Standard of Review

■ Special exceptions may be used to challenge the factual or legal sufficiency of a plaintiff's pleading. *Fort Bend County v. Wilson*, 825 S.W.2d 251, 253 (Tex.App.—Houston [14th Dist.] 1992, no writ); Tex. R.Civ.P. 91. When the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleading. *Texas Dept. of Corrections v. Herring*, 513

1. The appellate record does not contain a statement of facts from the March 23, 1992 hearing. According to the appellees, the Honorable Juan Gallardo presided at this hearing. We take our summary of the events from the written order of November 13, 1992, signed by the Honorable Rose Spector.

2. The court apparently wanted to create a window during which the status of the law regarding social host would be better known. During this time, our opinion in *Beard v. Graff*, 801 S.W.2d 158 (Tex.App.—San Antonio 1990), *rev'd*, 858 S.W.2d 918 (Tex.1993), was pending in the Supreme Court.

3. These orders were signed by the Honorable Rose Spector. On March 26, 1993, the Honorable Carol R. Haberman signed the appellees' motion to sever that started the appellate timetable. *See Ryan v. Friesenhahn*, 911 S.W.2d 113, 114 (Tex.App.—San Antonio, June 20, 1995) (order denying appellees' motion to dismiss for want of jurisdiction).

S.W.2d 6, 10 (Tex.1974); *Susanoil, Inc. v. Continental Oil Co.*, 516 S.W.2d 260, 264 (Tex.Civ.App.—San Antonio 1973, no writ).

■ If the plaintiff refuses to amend or the amended pleading fails to state a cause of action, then summary judgment may be granted. *Herring*, 513 S.W.2d at 10; *Cox v. Galena Park Indep. Sch. Dist.*, 895 S.W.2d 745, 749 (Tex.App.—Corpus Christi 1994, n.w.h.). Summary judgment may also be proper if a pleading deficiency is of the type that could not be cured by an amendment. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972); *Garza v. State*, 878 S.W.2d 671, 674 (Tex.App.—Corpus Christ 1994, no writ).

■ When evaluating a summary judgment granted on the basis of deficient pleadings, we review the pleadings de novo, taking all allegations, facts, and inferences in the pleadings as true and viewing them in the light most favorable to the pleader. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994); *Garza*, 878 S.W.2d at 674.

## 2. Opportunity to Amend

■ In their second and third points of error, the Ryans contend the trial court erred by denying them the right to replead, which it previously granted by sustaining special exceptions. They argue that, assuming a trial setting of November 13, 1992, they could not have complied with the order on special exceptions as of October 14, 1992, the date of the summary judgment hearing.

The trial court's order on special exceptions permitted the Ryans to file a motion for leave to amend Sabrina's cause of action not sooner than twenty-five days prior to trial but not later than eight days prior to trial. Given this timeframe, the Ryans could not amend on October 14, a month before the trial setting.

We conclude the trial court erred by not giving the Ryans the opportunity to amend their petition to state a cause of action on Sabrina's behalf. However, because the trial court denied special exceptions on the adults' cause of action, it was not required to allow them to amend those claims.

We sustain the Ryans' second and third points of error to the extent they address Sabrina's cause of action.

## 3. Existence of a Cause of Action

In their first point of error, the Ryans contend the trial court erred in granting summary judgment. We read this point of error as addressing the adults' cause of action. However, we must determine whether the Ryans' petition stated a cause of action on Sabrina's behalf because, as the adults concede, their claim is derivative of Sabrina's claim. *See Sanchez v. Schindler*, 651 S.W.2d 249, 253 (Tex.1983); *Upjohn Co. v. Freeman*, 885 S.W.2d 538, 549 (Tex.App.—Dallas 1994, writ denied).

### a. The Petition

The Ryans pled, in their third amended petition, that Todd Friesenhahn planned a "beer bust" that was advertised by posting general invitations in the community for a party to be held on the "Friesenhahn Property." The invitation was open and general and invited persons to "B.Y.O.B." (bring your own bottle). According to the petition, the Friesenhahns had actual or constructive notice of the party and the conduct of the minors in "possessing, exchanging, and consuming alcoholic beverages."

The Ryans alleged the Friesenhahns were negligent in (1) allowing the party to be held on the Friesenhahn property; (2) directly or indirectly inviting Sabrina to the party; (3) allowing the party to continue on their property "after they knew that minors were in fact possessing, exchanging, and consuming alcohol"; (4) failing "to provide for the proper conduct at the party"; (5) allowing Sabrina to become intoxicated and failing to "secure proper attention and treatment"; (6) and allowing Sabrina to leave the Friesenhahn property while driving a motor vehicle in an intoxicated state. In the severed claims, the Ryans also alleged that certain companies were negligent in selling, transferring, giving, and exchanging alcoholic beverages to individuals under the age of twenty-one in violation of state law.

### b. Negligence Per Se

■ Accepting the petition's allegations as true, the Friesenhahns were aware that minors possessed and consumed alcohol on their property and specifically allowed Sabrina to become intoxicated. The Texas Alcoholic Beverage Code provides that one commits an offense if, with criminal negligence, he "makes available an alcoholic beverage to a minor." TEX.ALCO.BEV.CODE ANN. § 106.06(a) (Vernon Supp.1995). The exception for serving alcohol to a minor applies only to the minor's adult parent. *Id.* § 106.06(b) (Vernon 1978).

■ An unexcused violation of a statute constitutes negligence per se if the injured party is a member of the class protected by the statute. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *see also Peek v. Oshman's Sporting Goods, Inc.*, 768 S.W.2d 841, 845 (Tex.App.—San Antonio 1989, writ denied). The Alcoholic Beverage Code was designed to protect the general public and minors in particular and must be liberally construed. *Id.* §§ 1.03, 106.06(a); *Smith v. Merritt*, No. 12–93–00197–CV, slip op. at 4 [1995 WL 498726] (Tex.App.—Tyler, Aug. 23, 1995, n.w.h.) (involving a third-party injured by an intoxicated minor).[4] We conclude that Sabrina is a member of the class protected by the Code.

In viewing the Ryans' allegations in the light most favorable to them, we find that they stated a cause of action against the Friesenhahns for the violation of the Alcoholic Beverage Code.

### c. Common Law Negligence

■ The elements of negligence include (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately caused by the breach. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990); *Missouri Pac. R.R. v.*

*Buenrostro*, 853 S.W.2d 66, 77–78 (Tex. App.—San Antonio 1993, writ denied). To determine whether a common law duty exists, we must consider several factors, including risk, foreseeability, and likelihood of injury weighed against the social utility of the defendant's conduct, the magnitude of the burden of guarding against the injury and consequences of placing that burden on the defendant. *Phillips*, 801 S.W.2d at 525. We may also consider whether one party has superior knowledge of the risk, and whether one party has the right to control[5] the actor whose conduct precipitated the harm. *Graff v. Beard*, 858 S.W.2d 918, 920 (Tex.1992).

As the Supreme Court in *Graff* explained, there are two practical reasons for not imposing a third-party duty on social hosts who provide alcohol to adult guests: first, the host cannot reasonably know the extent of his guests' alcohol consumption level; second, the host cannot reasonably be expected to control his guests' conduct. 858 S.W.2d at 920; *see also Smith*, slip op. at 2. The Tyler court, in *Smith*, relied on these principles in holding that a minor "had no common law duty to avoid making alcohol available to an intoxicated guest [another minor] who he knew would be driving." Slip. op. at 4.

We disagree with the Tyler court because the rationale expressed in *Graff* does not apply to the relationship between minors, or adults and minors. The adult social host need not estimate the extent of a minor's alcohol consumption because serving minors any amount of alcohol is a criminal offense. *See* TEX.ALCO.BEV.CODE ANN. § 106.06(a) (Vernon Supp.1995). Furthermore, the social host may control the minor, with whom there is a special relationship, analogous to that of parent-child. *See Phillips*, 801 S.W.2d at 525; *DeLuna v. Guynes Printing Co.*, 884 S.W.2d 206, 208 (Tex.App.—El Paso 1994, writ denied).

---

4. For similar authority from other states, see *Estate of Hernandez v. Arizona Bd. of Regents*, 177 Ariz. 244, 866 P.2d 1330, 1339 (1994); *Koback v. Crook*, 123 Wis.2d 259, 366 N.W.2d 857, 860 (1985); *Componile v. Maybee*, 273 N.J.Super. 402, 641 A.2d 1143, 1147 (1994); *Walker v. Key*, 101 N.M. 631, 686 P.2d 973, 976 (1984), *cert. quashed*, 101 N.M. 555, 685 P.2d 963 (1984).

5. The element of control is related to the existence of a special relationship between the parties. *See Malek v. Miller Brewing Co.*, 749 S.W.2d 521, 523 (Tex.App.—Houston [1st Dist.] 1988, writ denied) (finding no special relationship creating a brewer's duty to warn about the dangers of intoxication).

For similar reasons, we distinguish *Walker v. Children's Serv., Inc.*, 751 S.W.2d 717, 720 (Tex.App.—Amarillo 1988, writ denied), which held that a social host has no duty to an intoxicated adult guest who injures himself. The Amarillo court discussed the social host's inability to monitor adults and also noted that statutes do not regulate the adults' relationship. *Id.*

■■■ As this case demonstrates, serving minors alcohol creates a risk of injury or death. Under the pled facts, a jury could find that the Friesenhahns, as the adult social hosts, allowed open invitations to a beer bust at their house and they could foresee, or reasonably should have foreseen, that the only means of arriving at their property would be by privately operated vehicles; once there, the most likely means of departure would be by the same means. That adults have superior knowledge of the risk of drinking should be apparent from the legislature's decision to allow persons to become adults on their eighteenth birthday for all purposes but the consumption of alcohol. *See Fuller v. Maxus Energy Corp.*, 841 S.W.2d 881, 885 (Tex.App.—Waco 1992, no writ); Tex.Alco.Bev.Code Ann. § 106.01 (Vernon Supp.1995) (defining "minor" as a person under twenty-one years of age).

While one adult has no general duty to control the behavior of another adult, one would hope that adults would exercise special diligence in supervising minors—even during a simple swimming pool party involving potentially dangerous but legal activities. We may have no special duty to watch one adult to be sure he can swim, but it would be ill-advised to turn loose young children without insuring they can swim. When the "party" is for the purpose of engaging in dangerous and illicit activity, the consumption of alcohol by minors, adults certainly have a greater duty of care. *See Sutter v. Hutchings*, 254 Ga. 194, 327 S.E.2d 716, 720 (1985) ("There is no right to serve alcohol to one's underage high school friends.") [6]

We are aware that three of our former colleagues in *Beard v. Graff*, 801 S.W.2d 158, 164–73 (Tex.App.—San Antonio 1990) (en banc), *rev'd*, 858 S.W.2d 918 (Tex.1993), deferred to the legislature or the Supreme Court to determine social policy regarding adult social hosts serving adult guests. In view of the legislature's determination that minors are not competent to understand the effects of alcohol, we find sufficient legislative intent to support our holding that, taken from the pleadings before us, a duty exists between the adult social host and the minor guest. Accordingly, we find that the Ryans' petition stated a common-law cause of action.

We sustain the Ryans' first point of error.

### Conclusion

We reverse and remand the trial court's summary judgment.

**6.** For similar authority from other states, see *Estate of Hernandez*, 866 P.2d at 1341; *Hansen v. Friend*, 118 Wash.2d 476, 824 P.2d 483, 487 (1992); *Alumni Ass'n v. Sullivan*, 524 Pa. 356, 572 A.2d 1209, 1210 (1990); *Ely v. Murphy*, 207 Conn. 88, 540 A.2d 54, 58 (1988); *Longstreth v. Gensel*, 423 Mich. 675, 377 N.W.2d 804, 814 (1985).