Pete **KOVAR** and Joyce Kovar, Appellants,

v.

David H. **KRAMPITZ**, Phillip Wayne Krampitz, and H.E. Krampitz, Appellees.

No. 14–95–00586–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 5, 1996.

Rehearing Overruled Feb. 13, 1997.

---

When a trial court does not specify the grounds upon which it grants a summary judgment, the appellate court will affirm the judgment if any one of the theories advanced in the motion is meritorious. *State Farm Fire & Casualty Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989). A defendant may prevail on a motion for summary judgment when the proof shows that no genuine issue of material fact exists as to one or more essential elements of the plaintiff's cause of action. *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex.1990).

Brad Beers, Ann L. Ashton, Houston, John V. Elick, Bellville, for appellants.

Randall C. Owens, Tim Herron, Marc J. Wojciechowski, Houston, for appellees.

Before YATES, FOWLER and O'NEILL, JJ.

## OPINION

FOWLER, Justice.

This is an appeal from a take-nothing summary judgment signed May 5, 1995. In one point of error, appellants, Pete and Joyce Kovar, complain the trial court erred in granting appellees' motion for summary judgment. Appellants argue that appellees, David, Phillip, and H.E. Krampitz, owed common law and statutory duties to their son, Brian Kovar, an 18–year–old attending a party on the Krampitzes' property, to (1) not serve, give, or make alcohol available to Kovar, and (2) exercise reasonable care to ensure Kovar's safety after he became drunk. Because we conclude that the Krampitzes (1) owed no common law duty to Kovar and (2) did not violate any statutory duty, we affirm the trial court's judgment.

## STANDARD OF REVIEW

In reviewing a summary judgment, the appellate court takes the evidence favorable to the non-movant as true and indulges every reasonable inference in the non-movant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

## FACTUAL & PROCEDURAL BACKGROUND

The following facts are either undisputed or present the case in a light most favorable to the Kovars. *See Nixon,* 690 S.W.2d at 548–49. H.E. Krampitz gave his grandson, Phillip, permission to use his farm for a small party on January 8, 1994, if the young man agreed to two conditions: (1) the premises were to be kept clean, and (2) there was to be no drinking on the premises. H.E. made these requests because he was not going to be present during the party, and saw alcohol as potential problem. Phillip, an 18–year–old, had been ticketed on a previous occasion for possession of alcohol by a minor. In addition, Phillip had several parties at the family farm in November and December of 1993. Alcohol was readily available at these gatherings, and at one occasion beer allegedly was served from a keg. Phillip's friends testified that at some of these parties, the teenagers would patrol the gate entrance to the farm to ensure that departing guests were not intoxicated.

In spite of H.E.'s request that attendance be limited at the January 8, 1994, gathering, between 20 and 30 teenagers, invited and uninvited, participated in the party. Among the uninvited guests was Phillip's friend, 18–year–old Brian Kovar. Apparently alcohol was readily available to anyone who wanted it, but there is no evidence that Phillip had alcohol at the farm or provided alcohol to anyone at the party.

Before the party was over, Kovar and Steven Newsome decided to leave in a friend's truck. There is no evidence as to how much alcohol Kovar imbibed at the party, and his friends testified that he was not obviously drunk. But, while Kovar was driving, the truck crashed, leaving Newsome severely injured and Kovar dead. Kovar's blood alcohol content was found to be over the legal limit for intoxication.

Kovar's parents sued H.E. Krampitz, David Krampitz, Phillip's father, and Phillip under several negligence theories: (1) premises liability, (2) common law negligence, and (3) negligence per se.

Although neither H.E. nor David were at the party, the Kovars sued H.E. because he (1) owned the property where the party occurred, (2) gave Phillip permission to use the property, (3) should have known that alcohol was going to be at the party, and (4) should have taken measures to prevent minors from drinking.

The Kovars sued David Krampitz because he allegedly (1) was responsible for Phillip's actions, (2) allowed Phillip to host the party, (3) should have known alcohol was going to be at the party, and (4) should have taken measures to prevent minors from drinking.

The Kovars alleged Phillip should be held liable because he was in control of and had responsibility for the premises the night of the party and made alcohol available to the other teenagers attending the party. The appellees claim they owe no duty to Kovar. In the alternative, they argue that even if they owed Kovar a duty, they did not breach that duty.

## NEGLIGENCE PER SE

■ An unexcused violation of a statute constitutes negligence per se if the injured person is a member of the class protected by the statute. *Nixon*, 690 S.W.2d at 548–49;

*Ryan v. Friesenhahn*, 911 S.W.2d 113, 117 (Tex.App.—San Antonio 1995, writ requested). To determine whether Kovar has a negligence per se cause of action we must consider whether Brian Kovar was a member of a statutorily protected class.[1] A minor is defined as a person under 21 years of age, and one commits an offense, if with criminal negligence, they make "available an alcoholic beverage to a minor."[2] TEX.ALCO.BEV.CODE ANN. §§ 106.01; 106.06(a) (Vernon 1995). Because he was only 18 years old at the time of the events in question, Brian Kovar was a member of the class protected by the Alcoholic Beverage Code.

■ Having concluded that Brian Kovar fell within the protection of the statute, we next must determine if the appellees violated the statute. A person other than a parent violates the statute by *making an alcoholic beverage available to a minor*. TEX. ALCO.BEV.CODE ANN. § 106.06(a) (Vernon 1995) (emphasis added). Section 106.06 does not require that the minor become intoxicated from the consumption of alcohol, nor does the relationship between the minor and the adult have any bearing unless the adult is the minor's parent. *Smith v. Merritt*, 929 S.W.2d 456, 458 (Tex.App.—Tyler, 1995, n.w.h.); *Chapa v. Club Corp. of America*, 737 S.W.2d 427, 429 (Tex.App.—Austin 1987, no writ).

■ Therefore, to resolve the Kovar's point of error, we must determine whether the Kovars presented *any* evidence to show that one or all of the appellees made alcohol available to Brian Kovar. The answer to this question is controlled by how one defines "makes available." The statute does not define the phrase, but we have looked to other authorities for guidance. Webster's Dictionary defines "available" as "that [which] is accessible or may be obtained" and "at disposal." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 150 (1993). The Texas Attor-

---

1. Citing to *Cole v. Huntsville Mem. Hosp.,* 920 S.W.2d 364 (Tex.App.—Houston [1st Dist.] 1996, n.w.h.), David and Phillip Krampitz post-submission brief argues a private cause of action does not exist under Section 106.06 of the Alcoholic Beverage Code. This argument was neither raised in the summary judgment motions, nor briefed, therefore we will not address it.

2. Section 106.06(b) is an exception to section 106.06 that states "a person may give an alcoholic beverage to a minor if he is the minor's adult parent, ... and he is visibly present when the minor consumes the alcoholic beverage."

ney General has opined that to make alcohol "available" an offender must have "placed said alcoholic beverage where it is accessible to the minor." Op.Tex.Att'y Gen. No. M–1160 (1972).

In addition, section 106.06(a) bears the instructive caption: "Purchase of Alcohol for a Minor; *Furnishing Alcohol to a Minor.*" The word "furnish" appears nowhere in the section, but a clear reading of the statute reflects that the only phrase "furnish" could apply to is the following italicized phrase in section 106.06(a):

> (a) Except as provided in Subsection (b) of this section, a person commits an offense if he purchases an alcoholic beverage for or *gives or with criminal negligence makes available an alcoholic beverage to a minor.*[3]

Tex.Alco.Bev.Code Ann. § 106.06(a) (emphasis added).

The legislature apparently intended the law to pertain to those who furnish or give alcohol to a minor. While it is undisputed that on the night of January 18, 1994, Kovar consumed alcoholic beverages while at the Krampitz farm, the Kovars presented no evidence that H.E., David, or Phillip Krampitz placed any alcohol on the farm where Kovar could obtain it, or that they provided, served, or furnished alcohol to Kovar.

The Kovars argue the appellees should be held liable under the statute for the following reasons: (1) H.E. allowed Phillip to have a party at the family farm; (2) even though Phillip did not supply any alcohol, he allowed guests to bring their own liquor; (3) H.E. and David should have known alcohol would be at the party; and finally, (4) Brian Kovar "was provided, was served, and consumed alcoholic beverages" at the Krampitz farm the night of January 18, 1994. However, the statute on which the Kovars rely criminalizes making available alcoholic beverages to a minor. This record contains *no* evidence ap-

pellees made alcoholic beverages available to Brian Kovar.

Two recent court of appeals summary judgment opinions have recognized a negligence per se cause of action in a social host setting. *Ryan,* 911 S.W.2d at 117; *Smith,* 929 S.W.2d at 457. Both cases, however, are factually distinguishable from this case. In *Smith,* the Tyler appellate court held a negligence per se cause of action existed where the host of a party, a 19–year–old, made alcohol available to another statutory minor, also 19. The minor host purchased two kegs of beer, brought them to his lakehouse, and made them available to his guests. *Id.* Because it was undisputed that the parents (1) were not present at the party, (2) did not know the party was occurring, and (3) did not "give or knowingly make available an alcoholic beverage" to any guest at the party, the court did not extend a negligence per se cause of action to the minor's parents. *Id.* at 458. It did, however, recognize such a cause of action against the 19–year–old son.

In *Ryan v. Friesenhahn,* a minor hosted an advertised beer bust on his parent's property with their knowledge. An intoxicated minor died in an automobile accident after leaving the party. Unlike the Krampitz adults, the Friesenhahn parents knew the minor guests possessed and consumed alcohol on their property and knew the deceased was intoxicated. Stating that the Friesenhahns had "allowed [the deceased] to become intoxicated," the San Antonio Court's opinion seems to be based on a finding that the adult hosts had provided or served alcohol to the minor guest. In its conclusion, the court (1) found that a "duty exists between the adult social host and the minor guest," (2) held that the plaintiffs had stated a cause of action under section 106.06(a), and (3) remanded the case for trial on the merits. *Ryan,* 911 S.W.2d at 117–118.

As the facts which we have recited show, our case differs from these two cases because

---

**3.** The phrase "Furnishing Alcohol to a Minor" clearly does not describe or summarize subsections (b) and (c) of the statute. They read as follows:

> (b) A person may purchase an alcoholic beverage for or give an alcoholic beverage to a minor if he is the minor's adult parent, guard-

ian, or spouse, or an adult in whose custody the minor has been committed by a court, and he is visibly present when the minor possesses or consumes the alcoholic beverage.

> (c) A violation of this section is a misdemeanor punishable by a fine of not less than $100 nor more than $500.

this record contains no evidence that the appellees provided or served alcohol to minors. This void of evidence constitutes a fatal defect in a per se cause of action under section 106.06(a).

### COMMON LAW NEGLIGENCE

■ The existence of a common law duty is a question of law for the court to decide from undisputed essential facts surrounding the occurrence in question. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995); *Otis Engineering Corp. v. Clark,* 668 S.W.2d 307, 309 (Tex.1983). Here, we must determine whether an 18–year–old social host, or his father, or his property-owning grandfather, owes a common law duty to an uninvited, but welcome 18–year–old guest, when, even though alcohol is not provided or served by them, the guest becomes intoxicated and is involved in a fatal accident after leaving the premises. In *Graff v. Beard,* 858 S.W.2d 918 (Tex.1993), the Supreme Court addressed the issue of how to determine whether a common law duty exists between an adult social host who provides alcohol and his imbibing guest.

Deciding whether to impose a new common-law duty involves complex considerations of public policy. We have said that these considerations include "social, economic, and political questions, *and their application to the particular facts at hand.*" *Mitchell v. Missouri–Kansas–Texas R.R. Co.,* 786 S.W.2d 659, 662 (Tex. 1990) (quoting 1 *Texas Torts and Remedies* 1.03[2] (1989)). Among other factors, we consider the extent of the risk involved, "the foreseeability and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant." *Greater Houston Transp. Co.,* 801 S.W.2d at 525. We have also emphasized other factors. For example, questions of duty have turned on whether one party has superior knowledge of the risk, and whether a right to control the actor whose conduct precipitated the harm exists. *See e.g., Seagram v. McGuire,* 814 S.W.2d 385 (Tex.1991) (declining to recognize a legal duty of an alcohol manufactur-

er to warn consumers against danger of alcoholism because the risk is common knowledge); *Greater Houston Transp. Co.,* 801 S.W.2d at 525 (citing *Otis Engineering Corp. v. Clark,* 668 S.W.2d 307, 309 (Tex. 1984); RESTATEMENT (SECOND) OF TORTS 315 (1965) (noting that no general duty exists to control the conduct of others)).

*Graff,* 858 S.W.2d at 920 (emphasis added).

■ The supreme court found that an adult social host has no common law duty to guests the host serves alcohol, even if he knows they will be driving later. *Id.* at 921–22. After considering a host's inability to control guests and inability to discern the amount of alcohol a guest has consumed, the court found it unfair to burden a social host with such duties of care. *Id.* at 920–21. The court then concluded with the long-held common law idea that "the imbiber maintains the ultimate power and, thus the obligation to control his own behavior." *Id.* at 921–22. The parties are in disagreement as to whether *Graff,* a case involving two adults, is controlling in a case involving two minors protected by the provisions of the Alcoholic Beverage Code. Regardless of the legal status of Phillip and Brian, we conclude that the common law duty *guidelines* set forth in *Graff* are controlling and are used whenever a court determines the issue of common law duty. *Graff,* 858 S.W.2d at 920; *Greater Houston Transp. Co v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990); *Mitchell v. Missouri–Kansas–Texas R.R. Co.,* 786 S.W.2d 659, 662 (Tex.1990); *Otis Engineering Corp.,* 668 S.W.2d at 309.

Applying the factors set forth by the supreme court in *Graff* to this case, we conclude that no duty exists. On the one hand, the foreseeability and the risk of injury are minimal when the host does not provide alcohol to guests. *Graff,* 858 S.W.2d at 920. On the other hand, the magnitude of guarding against the injury and consequences of placing the burden on defendants are great.

As in *Graff,* it is unlikely Phillip Krampitz would know how much alcohol, if any, a guest had consumed before arriving at the farm. Moreover, the total number of guests may

have inhibited Phillip from discovering a particular guest's intoxication. Finally, whether a guest is intoxicated may not be readily apparent. If we were to adopt appellants' argument, Phillip Krampitz would have been required to monitor drinking at the party, make people stop drinking, and assess whether they were capable of driving. Although most friends would probably want to *try* to assess whether their friends are capable of driving, the same obstacles the *Graff* court recognized in a host's ability to control guests and assess their level of intoxication exist here. In fact, this case is a perfect illustration of how difficult it is for a social host to monitor guests, for no witness could say how much Kovar drank at the party, or could tell that Kovar was drunk or incapable of driving, even though he apparently imbibed too much alcohol to drive legally or safely. In sum, we find appellees[4] owed no duty to Kovar in connection with hosting the party.

Appellants also assert that the trial court erred in granting H.E. Krampitz's summary judgment. Appellants argue that as a property owner H.E. had a duty to inspect the premises and to prevent minors from possessing and consuming alcoholic beverages on the property. Specifically, appellants assert Texas law is well-settled that a person who owns, occupies, or controls a premises is legally responsible for dangerous conditions or defects in the premises. *J. Weingarten, Inc. v. Razey,* 426 S.W.2d 538 (Tex.1968).

 We agree that an owner or occupier of land has a duty to keep the premises under his or her control in a safe condition. *Redinger v. Living, Inc.,* 689 S.W.2d 415, 417 (Tex.1985). This duty may subject the owner to liability for negligence in two situations: (1) those arising from a premises defect, and (2) those arising from an activity or instrumentality. *Id.* To recover on a premises defect theory as alleged by plaintiffs, a person must have been injured by a condition on the property rather than by an activity. *Keetch v. Kroger,* 845 S.W.2d 262, 264 (Tex. 1992); *Rendleman v. Clarke,* 909 S.W.2d 56,

60 (Tex.App.—Houston [14th Dist.] 1995, writ dism'd). Brian Kovar's death was not caused by any condition or defect on H.E.'s farm, or by a condition on the farmland created by an activity, but by the activity—drinking—that occurred at the farm. Accordingly, we reject appellants' argument as it relates to premises liability.

 Finally, appellants allege David Krampitz was responsible for the actions of his 18-year-old son. Because we have concluded the appellees owed no common law duty to Kovar, we find this argument without merit. In addition, parents are not liable for the actions of a child 18-years-of age or older. Tex.Fam.Code Ann. § 33.01 (Vernon 1986); *Fuller v. Maxus Energy Corp.,* 841 S.W.2d 881, 885 (Tex.App.—Waco 1992, no writ). We overrule appellants' point of error and affirm the judgment of the trial court.

---

4. We have included each of the defendants in this statement because it appears from the briefs that the Kovars are requesting that we find liability as to each of the Krampitz defendants on this issue even though only Phillip hosted the party.