Opinion issued June 2, 2005










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00800-CV




RAYMOND FARLEY AND KAREN FARLEY, INDIVIDUALLY AND AS
ADMINISTRATORS OF THE ESTATE OF RAYMOND FARLEY JR.,
Appellants

V.

DAVID WATKINS AND SHARON WATKINS, Appellees




On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2003-62785




MEMORANDUM OPINION
          Raymond and Karen Farley, individually and as administrators of the estate of
their deceased son, Raymond Farley Jr., (collectively, “appellants”) appeal the trial
court’s rendition of summary judgment against them on their claims for wrongful
death and survivorship. In their sole issue, appellants argue that the trial court
improperly ruled that appellees, David and Sharon Watkins, “had no duty to render
aid” to then 16-year-old Raymond Farley Jr. We affirm.
BACKGROUND
          On May 17, 2003, Raymond Farley Jr. (“Raymond”) was an overnight guest
in the home of his parent’s friends, David and Sharon Watkins. The Watkinses’
eight-year-old daughter Shanda, and Sharon Watkins’s 19-year-old son Matthew,
were also at the home that night. After everyone had gone to bed, an unidentified
arsonist set fire to the Watkinses’ home.


 The Watkinses and Matthew escaped the
fire, but Raymond and Shanda were killed.
          Deposition testimony from David and Sharon Watkins was part of the summary
judgment evidence. Sharon Watkins testified that, on the night of May 17, 2003, the
fire and security alarms went off in her house and woke her up. She stated that she
left her upstairs bedroom and went down to the foot of the stairs and discovered that
her house was on fire. She testified that she ran back upstairs to the bedrooms and
woke up her husband, who told her to get Raymond and Shanda before he ran
downstairs to get Matthew. At this point, according to Mrs. Watkins’s testimony, she
picked up Shanda, who had already come out of her room, and went to get Raymond. 
Mrs. Watkins stated that she had some difficulty waking Raymond up and difficulty
getting him to understand that the house was on fire. She stated that, after she got
Raymond up and aware of the danger, she heard an explosion and discovered that
they were unable to go down the stairs because of the flames. Mrs. Watkins testified
that she took Shanda and Raymond back into the bedroom where Raymond had been
sleeping. The bedroom had a window leading to the roof. Mrs. Watkins described
her efforts to get the window open, including an unsuccessful attempt to break it with
a television set. She stated that, once she managed to open the window, the small
bedroom was so filled with smoke that she could no longer see Raymond or Shanda. 
 Mrs. Watkins said she stuck her head out of the window to get air, and couldn’t find
the children when she turned back to lead them out the window. According to her
testimony, she was overtaken by smoke and collapsed with her torso out the window. 
She stated that she eventually pulled herself fully onto the roof, lay there an
undetermined period of time, and then rolled off the roof when her leg started to burn
and that she fell into the back yard. 
          Appellants filed suit against the Watkinses for wrongful death and
survivorship, alleging negligence based on premises liability. After the Watkinses
filed their first motion for summary judgment under rule 166a(c), appellants added
allegations of “negligent conduct” and breach of fiduciary duty. The Watkinses then
filed a second summary judgment motion under rule 166a(c). The trial court granted
both of the Watkinses’ motions for summary judgment. 
DISCUSSION
          The only issue appellants present on appeal is their contention that the trial
court improperly ruled that the Watkinses had no duty to render aid to Raymond. “In
determining whether a cause of action in negligence exists, the threshold inquiry is
whether the defendants owed the plaintiffs a legal duty.” Smith v. Merritt, 940 S.W.2d
602, 604 (Tex. 1997). The court decides whether a duty exists from the facts
surrounding the occurrence in question and, if no duty exists, then summary judgment
is proper because there cannot be negligence liability. See Thapar v. Zezulka, 994
S.W.2d 635, 637 (Tex. 1999). Appellants argue that the Watkinses either assumed a
duty of care, or that a duty of care arose because the Watkinses had a “special
relationship” with appellants. Alternatively, appellants argue that “the law may
impose a duty in such circumstances.” 
          Appellants present no legal authority to support their contention that the
Watkinses assumed a duty to render aid or that there was a special relationship
between the Watkinses and appellants that gave rise to a duty to render aid. Regarding
their contention that the law should impose a “common law duty,” appellants cite a
single case, Ryan v. Friesenhahn, 911 S.W.2d 113 (Tex. App.—San Antonio 1995),
judgment aff’d, 960 S.W.2d 656 (Tex. 1998). Not only is Ryan factually inapposite,
but the Supreme Court, while affirming the San Antonio court’s judgment on other
grounds, expressly rejected, as unnecessary and procedurally improper, the holding
upon which appellants rely.


 When the plaintiff is a social guest, as is the case here, the host is generally
under no common law duty to protect the plaintiff from the criminal acts of a third
party or to come to the plaintiff’s aid.


 Perry v. S.N., 973 S.W.2d 301, 306 (Tex.
1998). Furthermore, we find no authority to support appellants’ contention that the
law “will” impose a common law duty, and decline to follow appellants’ suggestion
that we “may” impose a new common law duty under the facts of this case. See id. 
          We overrule appellants’ sole issue.CONCLUSION
          We affirm the trial court’s judgment. 
 
Sam Nuchia
                                                         Justice

Panel consists of Justices Nuchia, Keyes, and Bland.